# Tenbrooke *versus* Jahke.

1. A party applying for it is entitled to a clear and distinct instruction on a rule of law applicable to his case.

2. Plaintiff bought a lot at a master's sale, defendant being present and bidding against him; it was announced at the sale that there was an unopened street over the lot, and the purchaser would be entitled to the damages; the plaintiff afterwards sold the lot to defendant, who also lived near the street, without informing him of the street. In an action for the purchase-money, the court charged that it was the duty of the plaintiff, when he sold to defendant, to inform him of the street, and not doing so was suppression of a material fact which entitled defendant to set off the injury by opening the street. *Held* to be error, as withdrawing the question from the jury.

3. When there is a mutual mistake as to an encumbrance on land sold, equity relieves not by allowing the vendee to keep the property and price, but by rescinding the contract and restoring the parties to their former position.

4. Damages for opening roads are a personal claim assessed in favor of the owner at the time of the injury, and do not run with the land.

February 9th 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

[Tenbrooke v. Jahke.]

Error to the District Court of *Philadelphia :* Of January Term 1873, No. 227.

This was a scire facias sur mortgage, issued October 26th 1871, at the suit of William E. Tenbrooke against Henry Jahke. The mortgage was dated September 20th 1869, and was given to secure $1000, part of the purchase-money of a lot of ground in the Twenty-fourth ward, Philadelphia, marked as No. 10, the plaintiff having purchased it with lot No. 8, on the 9th of March 1869, at a master's sale, under proceedings in partition of the estate of Pritchett. The defence was that after the purchase of the lot by the defendant, Baring street had been opened through it; that the plaintiff had not given the defendant, when he bought, notice of the street ; that the plaintiff had received the damages for opening the street, and that there should be defalked from the mortgage the amount of injury sustained by the defendant in consequence of the opening of the street.

The case was tried December 12th 1872, before Briggs, J. The plaintiff gave in evidence the mortgage on which the scire facias issued.

The defendant then gave in evidence a deed from plaintiff to him, dated September 20th 1869, for the ground mentioned in the mortgage ; also, under objection and exception, the record of proceedings in the Quarter Sessions of Philadelphia, commenced February 6th 1856, upon petition of residents of the Twenty-fourth ward, for the opening of Baring street, and for a jury to assess damages ; the appointment of a jury who reported their assessment October 25th 1856, inclusive of damages to lots of the Pritchetts ; and report confirmed at March Term 1860.

Defendant called Abraham Heston, who testified that he had seen the plaintiff, at the request of defendant. Under objection and exception he further testified, that he brought the parties together a week before the deed was made ; the defendant was to pay $1000 cash ; $1000 to be secured by mortgage. Defendant said he would get the searches made ; plaintiff said he would prepare the papers for $7.50. When defendant purchased he lived about 200 feet from Baring street.

The defendant testified that in 1870 he received notice from the highway department of the opening of Baring street ; he had attended the public sale of the lot and bid for it; the auctioneer did not say that Baring street was over it, nor that the purchaser would be entitled to the damages. Defendant did not know that the street was laid over the lot when he bought it. The deed and mortgage were drawn by plaintiff.

Under objection and exception, the defendant gave evidence by Jerome Carty, Esq., the master in chancery who sold the land, that he had collected the damages awarded to the Pritchetts and paid them to plaintiff, who had become purchaser ; witness could not tell

[Tenbrooke *v.* Jahke.]

the amount of damages awarded to lot No. 10, sold to defendant. Witness collected $1600 for damages awarded to Pritchetts, for lots 8 and 10, both which had been sold to plaintiff; damages were paid to plaintiff, because as master, witness had an arrangement with the owners and with notice at the sale, that Baring street when opened would pass through both lots and the purchaser would be entitled to the damages awarded; the damages were paid to plaintiff by authority of the owners.

T. W. Hancock, under objection by plaintiff and exception, testified as to the value of the land taken from defendant's lot by opening the street. The court, on cross-examination, refused to allow witness to answer the question whether defendant had not built a house on Baring street worth $10,000, and sealed a bill of exceptions for plaintiff.

The defendant, under objection and exception, gave evidence by George Carter, of the relative value of the deficiency of the lot compared with the whole lot.

The plaintiff, in rebuttal, testified that he attended the master's sale. A plan was exhibited, showing that Baring street was laid over these lots; it was announced that the purchaser would be entitled to the damages; defendant told plaintiff that he was bidding against him. $1600 were paid to plaintiff for damages; at the sale by plaintiff to defendant, plaintiff said nothing about the street.

Plaintiff offered to show that defendant had put valuable improvements on lot No. 10. This was objected to by defendant, rejected and a bill of exceptions sealed.

Plaintiff further testified that when defendant complained of the opening of Baring street and of plaintiff receiving the damages, plaintiff told him if he was dissatisfied he would repay him the money with interest and take a reconveyance of the land; defendant said he did not wish to sell and would not accept the offer.

The plaintiff submitted eight points: the sixth and seventh were:

6. By the conditions of sale, as testified to by the master, the right to claim the damages when paid, was given to the first purchaser and would not enure to the vendee of that purchaser on a sale by him.

7. If the jury find from the evidence that the defendant when he made his purchase from the plaintiff, knew that Baring street had been laid out on the plan of the city, over the lot conveyed to him, he cannot now allege a failure of title as to that part of the lot taken by Baring street, and for which damages were awarded.

The court charged:

"[The plaintiff, according to his own testimony, knew that Baring street would pass through lot No. 10, and such knowledge was material for the defendant to know at the time he purchased,

[Tenbrooke v. Jahke.]

and it was the duty of the plaintiff to impart to him such information, and the failure of the plaintiff to do so was the suppression of a material fact, which entitles the defendant to set off in this action in dollars and cents the injury that the opening of the street through the lot has caused to the lot.] In estimating such injury you should confine your inquiry as to the extent of the injury, as it existed at the time the city took possession of the street part of the lot and threw it open to the public, that being the time the defendant lost the use of so much of his property. Notwithstanding what I have just said, if the defendant had knowledge at the time he received his deed that the street when opened would pass through his lot, then he purchased the lot with full knowledge, and has no defence on this ground.

" [I say upon this ground, for the defendant may rest upon a second ground of defence, and that is, the damages which were awarded for lot No. 10 were not payable till the street was actually opened, and till then they were not severable from the lot, and were then payable only to the person owning the land. And the fact being undisputed, that the defendant at the opening of the street was the owner of the lot, he is the one and not the plaintiff entitled to the damages.] The fact is alike undisputed, that such damages as were paid, were paid to the plaintiff and [you should allow the defendant as an offset in this action against the mortgage, the amount of damages the plaintiff received on account of lot No. 10.] If no damages were awarded to the lot, of course the defence fails on the second ground, and if the defendant had knowledge at the time he received the deed, that the street would pass through the lot, his defence fails entirely, and your verdict should be for the plaintiff, for the amount of his mortgage with interest.

" I refer the parties for answer to their points to what I have here said, and further answer is declined."

The verdict was for the plaintiff for $275.33. He removed the record to the Supreme Court by writ of error, and assigned for error :

1–6. The rulings of the court on the questions of evidence.

7. The refusal of the court to answer plaintiff's points.

8. The portion of the charge first enclosed in brackets.

9. The portion of the charge secondly enclosed in brackets.

10. The portion of the charge thirdly enclosed in brackets.

*A. V. Parsons,* for plaintiff in error.—A mortgage is a conveyance of the mortgaged premises, and can be defeated only by the payment of the money secured : Fluck v. Replogle, 1 Harris 405 ; Hersey v. Turbett, 3 Casey 418. The receipt by mortgagee of the damages was not a defence to the payment of the money secured : Young v. Baird, 4 Am. Law Reg. 384 ; Schober v. Sav-

[Tenbrooke *v.* Jahke.]

ing Fund, 11 Casey 223; Brown *v.* Scott, 1 P. F. Smith 357; Scott *v.* Fritz, Id. 418; Thomas *v.* Harris, 7 Wright 231.

The refusal of the court to answer plaintiff's points was error: Shaeffer *v.* Landis, 1 S. & R. 449; Hamilton *v.* Menor, 2 Id. 70; Vincent *v.* Huff, 4 Id. 298; Smith *v.* Thompson, 2 Id. 49; Noble *v.* McClintock, 6 W. & S. 58; Slaymaker *v.* St. John, 5 Watts 27.

*H. M. Dechert*, for defendant in error.—When one purchases land, not having seen it, on the representation of the vendor, and a highway on it is concealed, in an action for the purchase-money the injury from the highway may be deducted: Patterson *v.* Arthurs, 9 Watts 154; Wilson *v.* Cochran, 10 Wright 229; Fuhrman *v.* Loudon, 13 S. & R. 386; Christy *v.* Reynolds, 16 Id. 258; Lighty *v.* Shorb, 3 Penna. R. 450; Dobbins *v.* Brown, 2 Jones 79; Murphy *v.* Richardson, 4 Casey 292; Note to 4 Kent 471; Rawle on Covenants for Title 289; Peck *v.* Jones, 20 P. F. Smith 83.

Mr. Justice PAXSON delivered the opinion of the court, February 23d 1875.

We do not find any serious error in either of the first six specifications. The seventh refers to the refusal of the learned judge to answer the points submitted to him by the counsel of the plaintiff. We think such refusal was error. The sixth and seventh points were not answered in the general charge, and should have been affirmed. A party who applies for it is entitled to a clear and distinct instruction on the rule of law applicable to his case, and it is error to withhold it: Slaymaker *v.* St. John, 5 Watts 27.

The remaining assignments allege error in the charge of the court. In the portion of the charge contained in the eighth specification the learned judge assumed, that there was the suppression of a material fact, and instructed the jury that said suppression entitled the defendant to a set-off in dollars and cents the injury caused to his lot by the opening of Baring street. This virtually withdrew the question of fact from the jury. It may be that the court was right in its view of the facts; but they are not incapable of another and very different interpretation. The plaintiff had purchased the lot in question at a master's sale. Public notice was given at said sale that Baring street had been laid out over this lot, and that the purchaser would be entitled to the damages. The defendant was at the master's sale and bid against the plaintiff for said lot. In addition, the defendant lived within two hundred and fifty feet of Baring street. The only knowledge the plaintiff appears to have had upon this subject, was what occurred at the master's sale, at which, as before stated, the defendant was also present. He may very well have assumed that the defendant

[Tenbrooke *v.* Jahke.]

knew Baring street had been laid out over the lot, and the price may have been fixed at what the plaintiff regarded as its value, subject to such an encumbrance.  In such case there is no conclusive presumption that there was either the *suppressio veri*, or the *suggestio falsi*.  It more nearly resembles the case of a mutual mistake, where equity relieves, not by allowing the party to keep both the property and the price, but by rescinding the contract and by restoring the parties to their former position.  In this case the plaintiff offered to take the property back and restore the money paid with interest.  The defendant declined this offer  He may or may not have a defence to this suit, as the jury may find the facts in regard to the alleged suppression by the plaintiff of the fact that Baring street had been opened over the lot.  This fact should have been submitted to the jury, instead of being assumed by the court.

The portions of the charge referred to in the ninth and tenth assignments of error were clearly erroneous.  It has been repeatedly held that damages for the opening of roads and streets are a personal claim ; they are assessed in favor of the owner at the time of the injury, and do not run with the land : McFadden *v.* Johnson, 22 P. F. Smith 335.  The defendant has not, in any aspect of the case, a claim to the damages *qua* damages, and could not set them off in this suit.  If evidence for any purpose, it could only have been as to the measure of damages sustained by defendant by reason of the opening of Baring street.  Even upon this question they were not conclusive.

Judgment reversed, and a *venire facias de novo* awarded.