86   509
173   138
86     509
218    231

# Beale *versus* The Pennsylvania Railroad Company. Miller *et al. versus* Same.

The Pennsylvania Railroad Company filed a petition in the Common Pleas' setting forth that under the provisions of its charter it had surveyed and located the route for a new line of road, and reciting that it was unable to agree with the owners of property as to the damages to be awarded them, prayed for the appointment of viewers to assess the same. Viewers were appointed, and filed their report. One of the company's exceptions thereto was on the ground that "since the report of the viewers," it had altered the route of its road through the land of some of the property-holders, and the court set aside so much of the report as assessed the damages to them, and then confirmed the rest of the report. *Held,* that this action of the court was final, and the subject of appeal. *Held, further,* that the location of the road by the company was an appropriation of the land, and after the assessment of the damages, the right thereto was vested in the owners, and could not be divested by a subsequent change of route.

March 27th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Certiorari to the Court of Common Pleas of *Chester county:* Of January Term 1878, Nos. 33 and 36.

These writs were taken respectively by James M. Beale and others, and Mary P. Miller and others, who alleged that the court erred in their ruling upon the exceptions filed by the Pennsylvania Railroad Company to the report of viewers appointed to assess the damages sustained by the owners of land appropriated by said company in straightening and improving the line of their railroad. The facts are stated in the opinion of this court.

*R. Jones Monaghan,* for the plaintiffs in error.—The "location" of the new road was an "appropriation" of the land, and vested in the owners the right to compensation. Physical occupation was not necessary and the right could not be divested by change of route. When the company has "chosen, selected and adopted the land," by whatever manner that selection is indicated, they have *taken* the land within the contemplation of the statute: Wadhams *v.* Railroad Co., 6 Wright 310; Harrington *v.* The Commissioners of 'Berkshire, 22 Pick. 263; Heise *v.* Railroad Co., 12 P. F. Smith 72; Neale *v.* Railroad Co., 2 Grant's Cases 137. The railroad company has no authority under the statute to choose a different route at will until they secure an award of damages to suit them: Neal *v.* Pittsburgh Railroad Co., *supra:* Darlington *et ux. v.* United States, 1 Norris 383. The judgment of the court below, setting aside the report of viewers, was in effect a dismissal of the petition or quashing of the proceedings and was final, and the subject of appeal: Mifflin *v.* Railroad Co., 4 Harris 188; Heise *v.* Penna. Railroad Co., 12 P. F. Smith 71; Snyder *v.* Railroad Co., 5 Id. 344.

[Beale *v.* Pennsylvania Railroad Co.]

*Wm. Darlington,* contra.—No final judgment was entered. Either party may proceed to a new view and assessment of damages. The confirmation is the final decree or judgment. Here the report as to these parties was not confirmed but set aside. No writ of error, therefore, lies, and these writs should be quashed : Straub *v.* Smith, 2 S. & R. 382 ; Logan *v.* Jennings, 4 Rawle 355 ; Hill *v.* Irwin, 8 Casey 314 ; Chadwick *v.* Ober, 20 P. F. Smith 264.

Mr. Justice MERCUR delivered the opinion of the court, May 6th 1878.

These two cases were argued together. They present the same question.

On the 3d of February 1876, the defendant in error presented its petition to the Common Pleas, setting forth that it had surveyed, located and marked on the ground, the route of a new line of railroad between certain points named ; that it passed through the lands of the appellants and twenty-nine other persons, setting forth their names ; that it had been unable to agree with any of the owners of the lands in regard to the damages, and praying for the appointment of viewers to assess the same. Viewers were appointed. On the 10th of March they assessed the damages. The report of the viewers was filed on the 19th of June. The same day the company filed three exceptions thereto. They were to the excess of damages found, and to the irregularities attending the assessment. Afterwards, but on the same day, the company filed an additional exception, setting forth that it had caused the view of the railroad, through the land of the appellants, " to be revised and laid upon ground different from that upon which it was laid when said assessment was made ;" that the company had approved the revised line, whereby the former line was superseded. On the 25th September, the court dismissed the three exceptions first filed, but sustained the " additional" one. Thereupon it confirmed absolutely the report as to the twenty-nine other claimants ; but set it aside as to the plaintiffs in error. The assignments of error are to treating this change of line as an exception to confirmation, and to setting aside the report by reason thereof.

The defendant in error asks us to quash the writs, on the allegation that the action of the court was not final. We think this position is unsound. The application was limited to the assessment of damages on the route which the company " had surveyed, located, and marked on the ground." On that petition neither the court nor the jury could have assessed damages for any other route. By confirming the report as to part of the claimants, and setting it aside as to the others, for the reasons stated, the case was as finally ended against the appellants, as it was in favor of the other claimants. A change of route through the lands of the plaintiffs having been made, a new petition and new proceedings would be necessary

[Beale *v.* Pennsylvania Railroad Co.]

to assess the damages. · The action of the court was final. It was substantially a dismissal of the claims of the plaintiffs in error for want of jurisdiction in the pending case.

The other branch of the case is, whether the court erred in setting aside the report as to the plaintiffs in error for the reasons given ? If the application had been made to amend the description or location of the route, and to send the case to viewers again, there would have been some plausibility in the motion : Pennsylvania Railroad Company *v.* Lutheran Congregation, 3 P. F. Smith 445. The court would then have considered it, and decided, according to its sound discretion, whether it was within the spirit and meaning of the laws permitting amendments. But nothing of the kind was asked for. No request was made to bring within the jurisdiction of the court, the claim for damages arising from the new location.

The action of the court was substantially to strike from the records these claims for damages which had become vested in the claimants through the action of the company. Its petition showed a right to claim damages. The report of the viewers set forth the measure of them. The duty to pass upon them was imposed on the court.

This application for the assessment of damages was made under the supplement to the Act of 13th April 1868, Pamph. L. 319, incorporating the defendant in error, and its several supplements. When no trial by jury is given the evidence bearing on the merits of the case cannot be brought before us for review. This makes it more necessary that the court should keep within the undoubted limits of its authority. The " location" made by the company was an " appropriation" of the land, under the Act of 10th April 1867, Pamph. L. 993 ; Wadhams *v.* Lackawanna & Bloomsburg Railroad Co., 6 Wright 310; Heise *v.* Pennsylvania Railroad Co., 12 P. F. Smith 67. An actual location and appropriation then having been made, it is manifest that the court did not give due effect to the rights of the claimants. It was said in Wadhams *v.* Lackawanna & Bloomsburg Railroad Co., *supra,* that when the railroad has been located, the land has been taken and appropriated for the public use, the right of the landowner to sue for his damages is complete, and he may recover all which may be caused by the location, and by the subsequent construction.

The company had averred of record the actual location, and legal appropriation of the land. The jurisdiction of the court had thereby attached. That jurisdiction could not be divested, after the viewers had assessed the damages, by a change of the route by the company.

It is true, in disposing of this case we must look at the record only. We cannot go beyond it ; nor is it necessary to do so. The record shows clearly and distinctly that every other exception was dismissed, and this additional one only was sustained. Assuming

[Beale *v.* Pennsylvania Railroad Co.]

all the facts therein stated to be true, as we do, yet we think them insufficient to sustain the action of the court. If the company could once thus stop the action of the court as it is about to confirm a report assessing damages, what legal impediment is there in the way of it again changing the route so as to defeat a second assessment of damages, and so on *ad libitum.*

The Acts of Assembly to which we have referred, give very large discretionary powers to this company, in regard to the change of lines of its roads, and the appropriation of lands adjoining or contiguous thereto. But there is nothing in their letter or spirit which will permit the company to roam at pleasure over a person's land, changing the route as often as it is dissatisfied with the amount of damages assessed, thereby defeating the action of the court in a case pending. The recognition of such a power would be fraught with too great mischief to be sanctioned by any just rule in the administration of the law. As then, no other objections existed than those which we have declared insufficient, the report should have been confirmed. Therefore,

Judgment reversed in each case, and the report of the viewers is confirmed absolutely.

PAXSON and WOODWARD, JJ., dissent.