The Supreme Coúrt affirmed the decree of the Common Pleas on the 3rd March, 1884, in the following opinion;
Per Curiam.
While the appellee held the legal title, and assignees of the appellant had an equitable interest in the land under articles of agreement with their purchase money unpaid, the Railroad Company entered upon the land and constructed a railroad thereon, by virtue of the right of eminent domain. The damages sustained were assessed jointly. Before they were paid, the equitable interest of .the assignors was sold at Sheriff’s sale and purchased by the appellee. Both legal and equitable titles were thus united in him. The purchase money due him at the. time the damages were assessed was more than the pro rata share of the sum jointly applicable to the.damages.due to the equitable estate. *96 It is conceded, that if the Sheriff’s sale had not been made, the appellee would be entitled to the whole fund to be distributed. It is urged however that the union of both titles in the appellee destroyed his right to claim the money to which he would otherwise have been entitled. In this view we cannot concur. The Sheriff’s sale did not pass to the purchaser the whole of the equitable estate, which the assignors had once owned; but that only which remained after the railroad company had acquired its right of way. This, and this only, did the appellee acquire by his purchase at Sheriff’s sale. It follows that his previously existing right to claim the whole fund, and to apply it on the purchase money due him from the assignors, was in no wise barred or affected by his purchase of their remaining estate.
Decree affirmed and appeal dismissed at the costs of the appellants.
Note. — The owner at the time the entry is made is the party entitled to the damages ; Lawrence’s Appeal, 78 Pa. 365; Beale vs. Penna. R. R. Co., 86 Pa. 509; Davis vs. Railway Co., 114 Pa. 308; Keller’s Appeal, ante, 32; McFadden vs. Johnson, 72 Pa. 335; Tenbrooke vs. Jahke, 77 Pa. 392; Warrell’s Appeal, 25 W. N. C. 196.