HENRY STEINBACH v. NANCY I. PETTINGILL, EXECUTRIX.

Submitted July 5, 1901—Decided November 11, 1901.

Where a vendee who has no right to rescind a contract of sale refuses
to perform it, he cannot recover the money he has paid upon it.

On error to the Monmouth Pleas.

The action was begun in the Court of Common Pleas to recover the sum of $300, and interest from August 24th, 1896, for money paid George D. Pettingill, in his lifetime, upon the purchase-price of real estate at Asbury Park, New Jersey, under an agreement entered into August 24th, 1896, of which the following is a copy:

"ASBURY PARK, Aug. 24, 1896.

"Received from Henry Steinbach three hundred dollars, account of purchase of house and lot, corner of Grand, Cookman and Summerfield avenues. Whole purchase-price fourteen thousand dollars. Deed to be made at any time between this time and September 15, 1896. Possession given September 15, 1896, interest 5 per cent. commencing January 1, 1897. First payment, two thousand dollars when deed is made, balance to run five years with the privilege of paying two thousand dollars or more at the option of the party of the second part.

"(Signed)    GEORGE D. PETTINGILL."

At the close of the testimony the trial court nonsuited the plaintiff upon grounds stated in the following opinion:

"HEISLEY, J. The defendant moved to nonsuit. The testator of the defendant, by writing signed by him, authorized a real estate agent to sell certain property described as having a frontage on Grand avenue of one hundred feet, agreeing to pay the agent's commission if the agent effected a sale at the price of $14,000. This writing contained a diagram showing the

property and the various streets upon which it abutted. The chief purposes of this writing evidently was to secure to the agent the payment of his commission, pursuant to the statute, which requires the obligation to pay to be in writing. This writing would, perhaps, have made the testator liable to convey a lot of land having a frontage of one hundred feet on Grand avenue, or to pay damages upon his failure, if the agent had closed the sale of the property with a person relying solely on the writing, and not on the general boundaries of the property. The plaintiff disregarded the agent, and dealt directly with the testator, went to the latter's house, being the premises in question, and tried to buy the property at a less figure than $14,000, ultimately paying $300 on account of the purchase and took a receipt in writing, signed by the testator, agreeing to convey. He made payment to the owner, and not to the agent, and took a receipt from the owner, and not from the agent. The plaintiff had long been familiar with the premises in question; the boundaries of the property were well defined by fences, abutting on three streets, and it seems that it was impossible for the plaintiff not to be able at a glance to tell just what property he was buying. He asked no questions of the testator as to dimensions. The receipt, signed by the testator, described generally all the land within those boundaries as a 'house and lot, corner of Grand, Cookman and Summerfield avenues,' and the plaintiff, in all probability, expected no more. . It recited no dimensions, and the plaintiff was content to accept the receipt in that form and made payment on account of the proposed purchase. The receipt constitutes a complete contract of sale, and I think is the only contract between the parties, and that the agent's authorization to sell cannot be considered.

. "Visible and notorious boundaries of property govern the quantity of land to be sold, rather than a statement of courses and distances. As a matter of law, I believe plaintiff can require, under the circumstances, a conveyance of no more land than that described in the receipt. He testifies that shortly after the signing of the receipt he found that the tes-

tator did not own as much land as was described in the agent's authorization, and demanded the refunding of the $300 to him by the testator. He thereby practically notified the testator that he would not complete the purchase according to the receipt, and this excused the non-tender of the deed by the testator.

"I do not think the plaintiff has shown a legal right to recover the $300, and the motion to nonsuit is granted."

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, GARRISON and COLLINS.

For the plaintiff, *David Harvey, Jr.*

For the defendant, *Samuel A. Patterson.*

The opinion of the court was delivered by

GARRISON, J. The state of the testimony is correctly summarized in the statement of the trial court delivered upon the direction of the nonsuit. The conclusion reached by him is confirmed by this court. No other result seems possible. There was neither fraud nor misrepresentation to aid the plaintiff's case; if mutual mistake existed, it was not proved, and if proved, it was not remediable in this action. Upon the other hand, the written contract obtained by plaintiff directly from the defendant's testator is at once insusceptible of any alteration in this suit that will sustain his claim, and is incapable of any interpretation in any form of action that will permit it.

The judgment of the Pleas is affirmed, with costs.