PAYSON THOMPSON, APPELLANT, v. ELVIN M. KILLHEFFER, RESPONDENT.

Submitted December 21, 1922—Decided February 20, 1923.

T. negotiated with K. for the purchase of a farm and gave him a check on account of the purchase price and received a sales receipt. Subsequently T. changed his mind about purchasing and stopped payment of the check. *Held,* that the check was given for a valid consideration and that K. was liable.

---

On appeal from the District Court.

Before Justices PARKER, BERGEN and MINTURN.

For the appellant, *J. W. & E. A. De Yoe.*

For the respondent, *Ward & McGinnis.*

The opinion of the court was delivered by

PARKER, J.   This is a suit on a stopped check which was given as the initial payment on the intended purchase by the defendant of a farm.   The plaintiff was the owner of the farm and listed it with a corporation in the real estate business for purposes of sale.   The defendant, through the efforts of this corporation, agreed to buy the farm for $15,000 and drew and delivered his bank check to the broker corporation for the sum of $500 on account and took a receipt specifying the price and terms in detail.   This was on May 29th.   Apparently, over night, the defendant changed his mind about purchasing and wired the broker to that effect, and on June 1st wrote confirming the telegram.   Defendant, apparently, stopped the check as soon as he changed his mind.   Meanwhile, the broker endorsed the check to the plaintiff, who put it in the way of collection, and it came back unpaid and marked "payment stopped."

The trial court found for the defendant, apparently, on the theory that the suit was a suit for damages for non-performance of a contract of purchase, and holding that "no deposit can be retained until the damages are proven."

We consider that this view of the law was erroneous.   In *Steinbach* v. *Pettingill*, 67 *N. J. L.* 36, the purchaser had made the deposit in cash and sued to get it back, partly on the ground that he had been misled with respect to the dimensions and character of the property, and the trial court held, and in this holding the Supreme Court concurred, that there had been no mistake or deception, and that, consequently, there was no right to recover the money back.   So, in the case at bar, if the defendant had paid the $500 in cash, he would not be entitled to have it back because of his own repudiation of the sale.   We are unable to see any legal difference between the recovery back of cash paid under such circumstances and the recall of a negotiable bank check given for a valid consideration, to wit, a sales receipt which could be turned into a contract at the option of the purchaser.   This was the exact situation in the case of *Raubitschek* v. *Blank*,

80 *N. Y.* 478, in the New York Court of Appeals, and where the court said (at *p.* 483) : "It cannot, we think, be claimed that if the defendant had paid the money and taken a receipt, an action would lie to recover back the money as paid on a contract which was invalid for want of consideration. The same rule applies in an action to recover the amount of a check and, for the same reason, the defendant is liable."

On the authority and reasoning of this case, we conclude that the trial court erred in its holding, and for this reason the judgment is reversed and the case remanded for a new trial.