# Riling *v.* Idell et al., Appellants.

*Vendor and vendee—Defective title—Title company—Annotation on certificate.*

1. An annotation on the certificate of a title company suggesting an encumbrance on real estate contracted to be sold free of encumbrances, is not conclusive of the existence of an encumbrance.

*Practice, C. P.—Counterclaim—Issue of law—Affidavit of defense—Rule to strike off—Treated as statutory demurrer—Final judgment—Appeal.*

2. Where a counterclaim by defendant is alleged by plaintiff not to assert a cause of action, the proper practice is for the plaintiff to file a reply in the nature of an affidavit of defense to the counterclaim raising a question of law.

3. By such practice an appropriate judgment may then be entered, thus relieving the parties from the necessity of presenting evidence at the trial in so far as the demand of the defendant is held to be legally unsustainable.

*Vendor and vendee—Agreement of sale—Hand money—Liquidated damages—Penalty—Counterclaim against assignee.*

4. Where an agreement for sale of real estate provides that money paid down at the time of signing shall be forfeited as liquidated damages if the vendee fails to make settlement, and the agreement was "made binding upon the heirs, executors and assigns of the parties," and the vendee fails for an insufficient reason to make settlement, and suit is brought by the vendee's assignee against the vendor for the return of the hand money, the vendor cannot set up as a counterclaim against the assignee of the vendee a loss alleged to have been caused as a result of the discontinuance, at demand of the vendee, of a business conducted by the vendor on the premises so that possession could be given at the time of settlement. The loss of the vendor is limited to the amount of the hand money.

Argued November 30, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 237, Jan. T., 1927, by defendants, from order of C. P. No. 5, Phila. Co., Sept. T., 1926, No. 8548, making absolute rule to strike off defendants' counterclaim, in case of Raymond L. J. Riling v. Melissa Idell et al. Affirmed.

Assumpsit on contract, counterclaim by defendants.

Rule to strike off counterclaim. Before MARTIN, P. J., MONAGHAN and SMITH, JJ.

The opinion of the Supreme Court states the facts.

Rule absolute. Defendants appealed.

*Error assigned,* inter alia, was order, quoting record.

*James L. Baxter,* with him *Leo Belmont,* for appellants, cited: Curtin v. Somerset, 140 Pa. 70.

*Samuel E. Kratzok,* for appellee, cited: Lichetti v. Conway, 44 Pa. Superior Ct. 71; Yoder v. Strong, 227 Pa. 432.

OPINION BY MR. JUSTICE SADLER, January 3, 1928:

Defendants entered into a contract for the sale of certain real estate with Taylor & Company, real estate agents, representing a principal undisclosed at the time of the signing of the agreement, but later made known as James Aucamp. By the terms it was extended to and "made binding upon the heirs, executors and assigns of the parties." The consideration was fixed at $16,500, of which amount $1,000 was paid at the time of signing, with the stipulation that if the vendee should "fail to make settlement as hereinbefore provided, the sum or sums paid on account shall be forfeited to the said parties of the first part [the vendors] as liquidated damages." April 9, 1926, was fixed as the time for transfer of a "good and marketable [title] and such as will be insured by any reputable title insurance company." By paper dated December 8, 1925, the rights of the vendee were assigned to plaintiff, Riling, though the defendants were not made aware of this transfer until the parties met for the making of the conveyance. The purchaser was prepared to accept title on the day named, according to the averments in the statement of claim, but refused to accept because of an alleged encumbrance, indicated by the endorsement on the settlement certificate as an "easement of driveway in the rear." Demand was later made for the return of the deposit money, and, upon refusal, this suit was brought to recover the amount paid. An affidavit of defense was filed, denying inability or unwillingness to convey as agreed, and the issue thus raised must be passed upon by a jury, for the annotation by the title company, suggesting an encumbrance, is not conclusive of its existence: Groskin v. Knight, 290 Pa. 274. If the vendors were not in default, there can be no recovery of the hand money by the purchaser: Sanders v. Brock, 230 Pa. 609.

We are not at present concerned with the phase of the controversy last mentioned. The affidavit of defense set forth a counterclaim, and made separate demand for

damages suffered by reason of the requested discontinuance, prior to the date of settlement, of vendor's business conducted on the premises, so that prompt possession could be given on April 9th, when the conveyance was to be made, and the balance of the purchase price paid. It was averred that loss to the amount of $3,100 had been sustained, and judgment asked for this sum against plaintiff. Because of the amount involved, the proceeding was certified from the municipal court to the common pleas. A motion was then made to strike the counterclaim from the record on the ground that it disclosed no cause of action, and the rule granted to show why this should not be done was made absolute, and from the order entered defendant has appealed.

Though the practice here followed finds precedent in Philadelphia (Beran v. Katz, 4 Pa. D. & C. R. 193), Allegheny (Marcus v. Woods, 1 Pa. D. & C. R. 586) and possibly other counties, it has not been approved by either appellate court. The counterclaim and the reply thereto, as provided for by the Act of 1915 (May 14, P. L. 483), must be treated as are the statement and affidavit of defense filed thereunder. If the plaintiff believed the counterclaim (in effect defendant's statement) did not conform to the provisions of the Practice Act, a motion to strike it off was proper (Rhodes v. Terheyden, 272 Pa. 397), in which case relief might be granted if the application was made within fifteen days (Act May 23, 1923, P. L. 325), but this procedure applies only where objection is made on the ground that some rule of pleading has been violated: Cameron v. Fishman, 291 Pa. 12. If the complaint is based on the fact that the averments are not sufficiently definite, a rule should be entered asking that they be made more specific: King v. Brillhart, 271 Pa. 301; Rhodes v. Terheyden, supra. Where, however, the defect alleged is the failure to assert a cause of action in the counterclaim, as here, then the reply should raise the question of law, as is done by affidavit of defense, under section

20, when the statement of plaintiff is complained of on like ground, and an appropriate judgment may then be entered, thus relieving the parties from the necessity of presenting evidence at trial, in so far as the demand of defendant, held to be legally unsustainable, is concerned. The defendant may then appeal, for, as to his cross-demand, the judgment finally disposes of it.

In the present case the petition asked to strike off the pleading, but in effect raised the legal question of the right to assert the claim set up by defendant. Since it was treated without objection as a statutory demurrer in the court below it will be so considered here. The rule granted was made absolute, and effected a dismissal of the counterclaim, which as to defendants' demand was definitive, and an appeal lies, for its effect was to finally end their right to further assert the cause of action alleged: Miller Paper Co. v. Keystone C. & C. Co., 275 Pa. 40. The order was in the nature of a judgment, though not denominated such, and, under these circumstances, was not interlocutory (Beale v. Dougherty, 3 Binney 432; Bradly v. Potts, 155 Pa. 418; Beale v. P. R. R. Co., 86 Pa. 509), and review of the action of the court below may be had: Guaranty Motors Co. v. Hudford Sales Co., 264 Pa. 557; Gross v. Exeter Machine Works, 277 Pa. 363.

As a basis for the demand against plaintiff, defendants contend they are entitled to reimbursement for the loss sustained as a result of discontinuance of the business carried on in the building sold, which, as already noted, was abandoned so that possession could be given on April 9th, the time fixed for settlement. They insist there was no default on their part, since no encumbrance on the property in fact existed, and they were prepared to comply in all respects with the terms of the contract. If the suit had been by Taylor & Company or Aucamp, for whom they acted, defendants admit the amount of their loss, chargeable to the vendee, could not be more than $1,000, which sum was named in the agreement of

sale as liquidated damages in case of default. Such a stipulation is binding, and limits the right to reimburse-ment, though the actual injury is in excess of the amount named: Yoder v. Strong, 227 Pa. 432; Lichetti v. Conway, 44 Pa. Superior Ct. 71. The sum agreed on was not disproportionate to that which might be ex-pected to follow, if there was a failure to take title and pay the purchase price, and the parties are bound there-by: Kunkel v. Wherry, 189 Pa. 198.

It is urged, however, that the liquidation of damages, as set forth in the contract, cannot control here, since the plaintiff was the assignee of the originally named vendee, and as to him, a third party, there may be a re-covery for any provable loss resulting from the failure to accept the conveyance. This contention overlooks the fact that the interest of Taylor & Company, named as purchaser, or its undisclosed principal, was expressly made assignable, and passed to Riling by paper duly ex-ecuted. The vendee could transfer his rights under the contract just as the vendors could assign their interest in the unpaid balance of the purchase price: McCleery v. Stoup, 32 Pa. Superior Ct. 42. Taylor & Company obligated itself to take title, or pay $1,000 as a forfeit, if it failed to do so, and defendants can assert no greater claim against the assignee, though the latter is not named as a party in the contract. The rights of the purchaser were transferred to him, and he stands in the same position as did his assignor: Hamilton v. Brown, 18 Pa. 87. If, as claimed, Riling is to be considered as without interest in the agreement of sale, then any cause of action against him must arise from the commission of some independent tort, and no facts justifying such a conclusion are averred, in the counterclaim. The agree-ment limited the amount of damages if Taylor & Com-pany defaulted, and the stipulation is likewise control-ling in so far as Riling, the assignee, is concerned, as was properly held below.

The order of the court is affirmed at the cost of appel-lants.