# Dluge et al., Appellants, *v.* Whiteson.

*Vendor and vendee—Contract for sale of real estate—Default—*
*Hand money—Resale of property.*

If a contract is silent as to the rights and liabilities of default-
ing vendees, they cannot reclaim the hand money paid, upon
proof that, subsequent to their default, the vendor sold the prop-
erty for a sum which, after deducting the actual expenses, netted
him an amount in excess of the contract price.

Argued January 23, 1928. Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

Appeal, No. 52, Jan. T., 1928, by plaintiffs, from judg-
ment of C. P. Berks Co., June T., 1926, No. 53, on ver-
dict for defendant, in case of Isaac Dluge and Alfred
Goldberg v. I. W. Whiteson. Affirmed.

Assumpsit for breach of contract of sale. Before
SCHAEFFER, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant. Plaintiffs ap-
pealed.

*Error assigned,* inter alia, was refusal of binding in-
structions for plaintiffs, quoting record.

*Harry Shapiro,* with him *Samuel E. Bertolet,* for ap-
pellants.—The vendor, shortly after the alleged breach,
resold the merchandise. No overt act could be more
indicative of an intention to rescind: Sanders v. Brock,
230 Pa. 609; Bank v. Gallagher, 163 Pa. 456; Art-
zerounian v. Demetriades, 276 Pa. 303; Clavan v. Her-
man, 285 Pa. 120; Huessener v. Fishel, 281 Pa. 535.

*H. F. Kantner,* with him *Franklin E. Kantner,* for
appellee, cited: Sanders v. Brock, 230 Pa. 609; Hans-
brough v. Peck, 72 U. S. 497.

OPINION BY MR. JUSTICE SIMPSON, March 12, 1928:

Defendant desired to retire from business, and for this reason agreed with plaintiffs to sell to them the merchandise in his store, for seventy-five per cent of its inventoried value. The agreement did not specify what should be the rights and liabilities of the parties in the event of a default. Plaintiffs paid $3,000 on account, but later refused to complete the contract. Defendant then purchased additional goods, hired expert salesmen, advertised extensively, and finally sold the merchandise at retail for a sum which gave him, after deducting the expenses actually incurred, an amount greater than the price plaintiffs agreed to pay. They thereupon sued to recover back the hand money of $3,000; whether or not they should succeed, is the only question we are called upon to decide.

That there is no equity in the claim is evident, for they are seeking to recover on the basis of the market value of the merchandise, that is, they claim the benefit of the twenty-five per cent over the inventoried price, which was to be their profit if, and only if, they completed their contract, and themselves took the risk and labor of disposing of the goods; and, in addition, they are endeavoring to take advantage of defendant's labor and skill in selling the goods without compensating him therefor. Doubtless defaults would become quite common if the law approved such a claim. Happily it does not.

In a long line of cases, beginning at least as far back as Martin v. Schoenberger, 8 W. & S. 367, and running to Riling v. Idell, 291 Pa. 472, we have ruled against the contention now made. In the former we said (page 368) : "To permit a man to recover for part performance of an entire contract, or to permit him to recover on his agreement when he has failed to perform, would tend to demoralize the whole country"; and in the latter (page 474) : "If the vendors were not in default,

there can be no recovery of the hand money by the purchaser: Sanders v. Brock, 230 Pa. 609."

The judgment of the court below is affirmed.