## Dincher v. Great Atlantic & Pacific Tea Company

*Harry Alvan Baird*, for plaintiff.
*John C. Youngman*, for defendant.

LARRABEE, P. J., February 4, 1944.—This matter is before the court on an argument had on plaintiff's reply raising questions of law.

Defendant in its affidavit of defense, after denying specifically the averments in the statement of claim, sets up new matter wherein it avers that its employe and servant, Miles O. Balliett, at the time of the occurrence which resulted in the injury to plaintiff, was engaged in cutting the burlap covering from the top of a barrel containing poultry; that while the said Balliett was engaged in this work plaintiff wilfully and recklessly propelled "an object, in the nature of a

wad of paper", violently against the left side of Balliett's face, thereby causing a stinging pain, and by reason thereof "caused the hands of Balliett to fly up into the air and release by reflex action the knife which was in the hands of Balliett, causing it to strike the said plaintiff on his left leg, resulting in the loss thereof".

Plaintiff contends that these averments set forth under the head of "New Matter" are "merely defensive" and are "a mere denial of facts set forth in plaintiff's statement of claim" and do not constitute new matter within the meaning of the Practice Act.

It appears from the averments in plaintiff's statement that, as the result of the knife striking his leg, it severed important blood vessels and resulted in his left leg having to be amputated above the knee. Plaintiff, in his statement of claim, further avers that the said Balliett, "acting within the course and scope of his employment, did viciously and with a violent temper, throw a boning knife at the plaintiff striking him in the left leg above his knee". No other circumstances pertaining to the throwing of the knife are set forth in plaintiff's statement.

Defendant contends this "new matter" avers negligence on the part of plaintiff which contributed directly to his injury at the hands of defendant's servant and employe, and further argues that defendant is not precluded from averring in its affidavit of defense contributory negligence on the part of plaintiff.

While the Practice Act of May 14, 1915, P. L. 483, expressly provides that a defendant is not required to file an affidavit of defense in an action of trespass, and that his failure to do so will be considered as an admission only of the averments of the agency or employment of the person by whom the act was committed and the ownership or possession of the instrumentality involved in the occurrence and charged with the responsibility therefor, nevertheless, nowhere in said act does

it state that a defendant is precluded from filing an affidavit of defense averring contributory negligence on the part of plaintiff.

Furthermore, the Practice Act expressly provides in the second paragraph of section 13, as amended by the Act of April 4, 1929, P. L. 140, as follows:

"The defendant in such actions *may*, by affidavit of defense, in addition to denying negligence on his own part, allege negligence on the part of the plaintiff . . ." (Italics supplied.)

The Supreme Court has stated that a defendant is not required to plead contributory negligence of plaintiff, and in Flanigan v. McLean, 267 Pa. 553, it said (p. 558):

"Doubtless the legislative intent was, in the absence of contradiction by affidavit of defense, to dispense with proof of certain formal averments as to the instrumentality, or agency of the person, involved in the occurrence and charged with responsibility therefor— not to relieve a plaintiff from proving the vital averments of his declaration as to injury, negligence, damages, etc., or to require defendant to specially plead substantial defenses, like its own lack of negligence or the contributory negligence of plaintiff."

To the same effect is Lutterschmidt v. Stahlnecker, 307 Pa. 5.

In the matter before us we are not confronted with the question of procedure in acting on an answer filed by a plaintiff to a counterclaim where a separate demand is made by defendant in his affidavit of defense. The practice which governs such matters is clearly set forth in Riling v. Idell et al., 291 Pa. 472. Here the sole question is whether defendant has the right to set up new matter alleging negligence on the part of plaintiff which contributed to the injury complained of, but making no counterclaim.

The court is of the opinion that, under section 13 of the Practice Act of May 14, 1915, P. L. 483, as amended,

defendant, *in its* affidavit of defense, *may add new matter* alleging contributory negligence on the part of plaintiff.

### Order

And now, to wit, February 4, 1944, plaintiff's reply in the nature of a demurrer is overruled and plaintiff is given leave to file an answer to the merits of the new matter within 15 days from the date of filing this order, and in the event of his failure so to do the only part of defendant's allegations in said new matter that will be taken to be admitted by plaintiff is that which avers the possession by plaintiff of "an object, in the nature of a wad of paper", at the time the injury complained of occurred.