## Messinger, Appellant, v. Lee.

Argued March 17, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Benjamin H. Hellman,* for appellant.

*Edward S. Morris,* with him *Duane, Morris & Heckscher,* for appellee.

OPINION BY FINE, J., July 23, 1948:

Rose Messinger, appellant, instituted suit in assumpsit to recover a portion of deposit money paid under a written agreement of sale of real estate and now complains of judgment entered for Mary Oliver Lee, appellee. By agreement of counsel the case was withdrawn from the jury and thereafter pertinent provisions of the pleadings were offered in evidence. The court made findings of fact, conclusions of law and entered judgment for appellee. Appellant's exceptions were overruled, a final judgment entered and this appeal followed.

Appellant agreed to purchase premises, 133 South Kingston Avenue, Atlantic City, New Jersey, for $12,000.00 under a written agreement of sale dated August 2, 1944, and paid the sum of $1,000.00 as down

money. At the signing of the agreement, appellee advised appellant that she, appellee, was acting for her son, Robert H. Lee, who was then in the United States Navy and that her son and his wife would join in executing a proper deed with the appellee at the time of settlement. Appellee further advised appellant that she had previously conveyed title to the premises in question to her son by deed, which deed she recorded on August 7, 1944, several days after the execution of the agreement in controversy.

The agreement which was "to apply to and bind the Heirs, Executors, Administrators and Assigns of the respective parties" provided, *inter alia,* that "The title to said premises is to be a good and marketable title and such as Title Company to be designated by the said Vendee will insure. Said Deed is to be delivered and final settlement made at the offices of said Company on or before the 1st day of December, 1944, at 11:00 o'clock a.m. . . ." The agreement contained no liquidated damages clause. The following facts, found by the court below, are amply supported by the testimony and admissions of the appellant:[1] On or about November 18, 1944, appellant, through her counsel, notified appellee that she had decided not to complete the purchase; that appellant never applied for title insurance, never designated a title company, never designated a place of settlement nor made any preparations for settlement in connection with the premises on or before December 1, 1944. On January 2, 1945, the premises were conveyed by Robert H. Lee and his wife to Jacob Blumberg and his wife for $11,750.00. Appellant then instituted the present suit and sought to recover, not the $1,000.00 deposit, but $750.00 which represented the excess [over the original

---

[1] To the appellant's statement of claim, an affidavit of defense was filed together with new matter. No answer was filed to new matter although appellant's attorney was advised of the new matter by a letter. The court below properly admitted the new matter into evidence as an admission on the part of appellant over her strenuous objection.

sale price] received by appellee after the Blumberg sale by reason of appellant's failure to make settlement for the property pursuant to the agreement of August 2, 1944, or in other words the appellee was entitled to only $12,000.00, not $12,750.00.

Appellant complains that she, as vendee, was not obligated to take the deed of a third person, to wit, Robert H. Lee and his wife, who were not parties to the agreement of sale. The answer to appellant's contention is that Robert H. Lee and his wife were at all times ready, able and willing to perform the agreement entered into by appellee, their agent, to convey the premises to the appellant in accordance with the agreement. Furthermore, appellant knew and admitted that appellee was acting for her son, that there was an unrecorded deed to him which she would record immediately after the signing of the agreement of sale, and consequently the real seller for whom appellee was acting as agent and from whom appellant would receive a deed was Robert H. Lee. Cf. *Riling v. Idell*, 291 Pa. 472, 140 A. 270.

The argument that Mary Oliver Lee was not an agent for her son because she lacked written authority must fail as the agency is admitted by the pleadings. Moreover, it is of no moment in this case; Robert H. Lee was ready and willing to perform but was prevented from doing so by appellant's repudiation of the agreement. As stated in *Roberts v. Roesch*, 306 Pa. 435, 440, 159 A. 870: "The plaintiff is in the position of a vendee seeking to recover back purchase money paid on an unenforceable oral contract, which he alone is unwilling to carry out because he wishes to rescind it. This same situation was before the court in Hathaway v. Hoge, 1 Sadler 119, 1 Atlantic 392 (1885), where we said: 'The vendor of the land was ready and willing at all times to convey a good title according to the terms of his contract. After the vendee had made several payments according to his agreement he put it out of his power to fulfill the residue of his contract. His pay-

ments were voluntary. He then cannot rescind the contract and recover the sum which he had thus paid to the vendor. It matters not that the vendor might not have been compelled to perform his agreement; it is sufficient that he was ready and willing to do so.' "

The question for determination, therefore, is whether a vendee who is in default can recover a portion of the down money paid. The court below properly concluded that a vendee in default, in the circumstances disclosed by this record, was not entitled to a return of a portion of the deposit money.

The contract was executed in New Jersey, concerning real estate situate in New Jersey, and consequently the validity and effect of such a contract is governed by the laws of the situs of the land. It is governed by *lex loci contractus* and *lex loci rei sitæ. Restatement, Conflict of Laws,* § 340.

The law of New Jersey set forth in *Steinbach v. Pettingill,* 67 N.J.L. 36, 50 A. 443, and cases following it is no different from the law of Pennsylvania as reflected in *Sanders v. Brock,* 230 Pa. 609, 79 A. 772. In the *Steinbach* case, supra, the court concluded that a vendee in default must be content to lose his down money. Cf. *Moore v. Durnam,* 63 N. J. Equity 96, 51 A. 449, where the court aptly stated: "The rule is entirely settled that a part payment of the purchase-money cannot be recovered by a purchaser if he causelessly refuses to execute his contract." Cf. *Thompson v. Killheffer,* 98 N.J.L. 359, 119 A. 770. In *Sanders v. Brock,* supra, the rule is stated as follows: "The settled rule in respect to contracts for the sale of real estate is that the party [appellant-vendee] who has advanced the money, or done an act in part performance of the agreement, and then stopped short and refuses to proceed to its ultimate conclusion, the other party being ready and willing to proceed and fulfill all his stipulations according to contract, will not be permitted to recover back what has thus been advanced or done." *Dluge v.*

*Whiteson,* 292 Pa. 334, 141 A. 230; *Riling v. Idell,* 291 Pa. 472, 140 A. 270; *Roberts v. Roesch,* 306 Pa. 435, 441, 159 A. 870; 1 Ladner, Real Estate Conveyances, § 45 (c), p. 85. Furthermore, in such circumstances the law will not require a vendor to do a vain act and make tender of a deed where, as here, the vendee notified the vendor of her refusal to go through with the purchase. Repudiation by the vendee will excuse non-tender of the deed by the vendor. *Steinbach v. Pettingill,* supra; *Sanders v. Brock,* supra.

Judgment affirmed.