84    479
146   161

84    479
418C  277

# Sands, Herdic & Co. *versus* Arthur.

A. was employed by S. to do certain work. S. agreed by parol to sell a lot of ground to A., the one-third of the price of the lot to be applied in payment of the work to be done by A. No possession was taken of the lot, and no actual application of the one-third of the price was made upon the work done. When the work was completed S. tendered a deed and demanded a bond and mortgage for the two-thirds of the purchase-money, leaving the other third to stand as a credit. A. refused the deed or to allow the credit, on the ground that the lot was not of the width bargained for, and brought suit for work and labor done. *Held*, that to enforce this parol contract would be a violation of the Statute of Frauds.

June 7th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas of *Lycoming county :* Of May Term 1877, No. 162.

Assumpsit by John Arthur against Sands, Herdic & Co., for work and labor done.

Defendants pleaded non-assumpsit, payment, payment with leave, &c.

The material facts are stated in the opinion of this court.

The following point was presented by the plaintiff :—

That even if the jury should believe that a parol contract was

made between Peter Herdic and John Arthur for the sale of a lot of land to Arthur, upon the terms as testified to by Herdic, said contract would be *absolutely void;* and as no action could be maintained by Herdic against Arthur upon said contract, neither the court nor the jury can regard the evidence in relation to it, and the verdict must be rendered without any regard to the agreement in relation to the land.

The answer of the court to this point was, that under the evidence in this case the verdict should be rendered without any regard to the agreement in relation to the land.

The verdict was for the plaintiff for the amount of his claim, and after judgment defendants took this writ, assigning for error the answer of the court to the foregoing point.

*J. Eutermarks* and *Armstrong & Linn,* for plaintiffs in error.— Actions for damages on parol contracts for land are sustainable in Pennsylvania: Moore v. Small, 7 Harris 467, and cases cited.

True, it has been held that under our statute an action cannot be maintained upon a verbal contract by the vendor for the recovery of the purchase-money, and this for a very manifest reason— that such an action is but one form of compelling specific performance. But there is nothing in the Statute of Frauds, nor in any decision made thereon, that furnishes authority for saying that a vendee of land under a parol contract can repudiate his bargain and recover back money paid by him on account thereof, if the vendor stands willing to render performance on his part. Hence, it results that if the work was done by Arthur, in pursuance of the parol contract, there can be no recovery of the $1000, applicable to the purchase-money for the lot, if Herdic has stood ready to perform. It is in fact so much paid to Herdic, and a recovery by plaintiff is a recovery back of so much that he has paid. The instant the work was done the application was made. This was payment. Had the contract been in writing, it would have been in vain for Herdic to attempt to recover the $1000, after the work was done, for, by the terms of the contract, it would be then *paid.* If, as to Herdic, it would be payment, it would be equally so as to Arthur.

No recovery should have been had unless Sands, Herdic & Co. were guilty of a breach of the agreement, and this question the jury were not permitted to pass upon.

*Henry C. Parsons* and *C. L. Munson,* for defendant in error. —The plaintiffs in error really seek to enforce the specific performance of a parol contract in a common law action, and thus evade the Statute of Frauds: Irvine v. Bull, 4 Watts 289; Meason v. Kaine, 13 P. F. Smith 340.

Whether the evidence is sufficient to take a case out of the operation of the statute, is a question of law for the court. PAXSON,

[Sands, Herdic & Co. v. Arthur.]

J.; in Overmyer v. Koerner, 2 W. N. C. 6; Irwin v. Irwin, 10 Casey 525.

Although it is true that actions for damages on parol contracts have been sustained in Pennsylvania, yet in the case cited by the counsel for the plaintiff in error, Moore v. Small, 7 Harris 461, the court says on page 467 : " The measure of damages in such actions is not the value of the land, for that would work an evasion of the statute, but is the price paid for services rendered."

The judgment of the Supreme Court was entered, June 18th 1877,

PER CURIAM.—This case is easily stated in a few words. Arthur was employed by Sands, Herdic & Co., to do certain work in a saw-mill. Herdic agreed by parol to sell a lot of ground to Arthur; and Arthur agreed, Herdic and the other members of the firm consenting thereto, that one-third of the price of the lot should be applied in payment of the work done at the saw-mill. No possession was taken of the lot, no actual application of the one-third of the price was made upon the work done. When the work was completed Herdic tendered a deed, and demanded a bond and mortgage for the two-thirds of the purchase-money, leaving the one-third to stand as a credit on the work. Arthur refused to accept the deed, on the ground that the bargain was for a lot of one hundred and twenty-five feet in width, while the deed was for one of but seventy-five feet in width. The question is, can this parol contract be enforced in the face of the Statute of Frauds and Perjuries ? Clearly it cannot unless we overturn the authorities which declare that a vendor though ready and willing to perform his contract cannot recover the purchase-money, on the ground that equity will not decree specific performance where the remedy is not mutual; and it is clear the vendee cannot compel specific performance because of the Statute of Frauds : Wilson v. Clarke, 1 W. & S. 554; Ellet v. Parson, 2 Id. 418; Meason v. Kaine, 13 P. F. Smith 335; Same v. Same, 17 Id. 126. This principle was fully settled when this court overruled the doctrine of Jack v. McKee, 9 Barr 240, and kindred cases ; in Hertzog v. Hertzog, 10 Casey 418 ; Dumars v. Miller, 10 Casey 319 ; and Graham v. Graham, 10 Casey 475 ; and there held that the measure of damages for the breach of a parol contract is not the value of the land, but compensation only for the damages caused by the breach of the contract. In the last case of Meason v. Kaine, 13 P. F. Smith 335, it was said that actions to enforce a parol trust forbidden by the Act of 1836, rest on the same grounds as actions to enforce a parol sale of land, the mischief being the same, to wit: the encouragement given to fraud and perjury. Hence it was said to sustain the recovery of the purchase-money is to enforce the trust itself; for the payment of

3 NORRIS—31

it draws the title to the *cestui que trust*, on the ground that equity will not permit him to hold the title and the money. Nor would the remedy be mutual, for if the holder of the title deny the trust resting on the statute, the *cestui que trust* could not by a tender enforce the trust. Now the case before us presents the very danger which the statute is intended to avoid. Arthur claims title by the parol bargain to a lot of one hundred and twenty-five feet in width, while Herdic denies any such bargain. The consequence is the true bargain must be established by the testimony, and here comes in the danger of fraud or perjury.

It is argued the bargain is not void. This is true, and so the cases referred to hold; but it is the measure of damages which is the subject of decision, and this is held to be only compensation for expenses and other incidental damages, and not the price or purchase-money; and as the vendee cannot enforce the contract for the land, mutuality, which is the rule of the remedy in equity, forbids the recovery of the price. Hence the $1000 cannot be set up as a payment in this action. Judgment affirmed.