# Hathaway & Armstrong, to Use of Alexander Cochran, Plffs. in Err., *v.* Thomas Hoge.

The fact that a parol contract for sale of land may not be enforceable against the vendor does not entitle the purchaser to declare it rescinded, and recover back his voluntary payment of purchase money, if the vendor is ready and willing to perform.

(Decided October 19, 1885.)

Error to the Common Pleas of Venango County to review a judgment on a verdict in an action of trespass on the case. Affirmed.

This action was commenced by the assignee of Hathaway &

NOTE.—There must be a breach of the contract before the vendee can recover. If no demand for conveyance be made, no such breach exists. Allison v. Montgomery, 107 Pa. 455. So, a recovery cannot be had for improvements made on the land entered into under a parol contract, where the vendee is in uninterrupted possession. Naftzinger v. Roth, 93 Pa. 443. In case of neglect or refusal on the part of the vendor to convey, a recovery may be had. Ballas v. Wolff, 11 Pa. Super. Ct. 150.

Armstrong, against Thomas Hoge, to recover purchase money which had been paid by Hathaway & Armstrong to Hoge upon a contract which it was alleged Hoge had rescinded. It appeared that on January 31, 1867, property known as the Steele farm was conveyed to one Kanaga and others. The farm was divided into 351 shares, which were parceled out among the several owners, 58 of them falling to Thomas Hoge. In 1877, negotiations were commenced between Hathaway & Armstrong and Hoge for the purchase of the farm. The substance of the parol contract entered into between them appears from the following receipt:

Received, August 30, 1877, of Hathaway & Armstrong, $4,800 to apply on a contract of the Steele Farm Oil Company stock sold by me to them at the rate of $43 per share for all the stock I now have on hand, and all the stock I may hereafter buy or be interested in until December 1, 1877.     Thomas Hoge.

It afterwards appearing that Hoge could not obtain all the shares by December 1, 1877, the clause requiring such delivery was deliberately stricken out of the contract by agreement of both parties.

Under the contract as modified Hoge continued to purchase shares, until March, 1878, when, upon notice from Armstrong, he ceased to make further purchases. At that time he had delivered, or had in his possession ready for delivery, 291 shares, upon which $7,300 had been paid by Hathaway & Armstrong. Subsequently there was a depreciation in the value of the farm, and on account of financial difficulties Hathaway & Armstrong were unable to go on with their payments. On April 9, 1879, having become insolvent, they made an assignment for the benefit of their creditors. Thereupon Hoge notified them that they had no interest in the farm and resumed possession.

The assignee then brought this action to recover back the $7,300 paid on account of the contract of purchase. The court charged: "Under this contract, as it is shown to be by uncontradicted evidence, where the vendor has a good title to the land in question and ready and willing at all times to perform his contract, and the vendee puts it out of his power to perform on his part, and, as we think there is no such evidence here as would warrant a jury in inferring that there was a rescission of the

contract on the part of the vendor, such as would allow the vendee to recover back purchase money paid voluntarily, and with a full knowledge of the contract he was paying it upon, then in our opinion for these reasons your verdict should be for the defendant."

The jury accordingly returned a verdict for defendant, and judgment having been entered thereon, plaintiffs brought error.

*C. Heydrick* and *McCalmont & Osborns* for plaintiffs in error.

*R. G. Lamberton* and *Jas. D. Hancock,* for defendant in error.—In this case the defendant fully complied with the contract. A purchaser has no right to rescind a contract for the purchase of land, because it was not reduced to writing, if the vendor has complied with his contract, or is willing to do so. Rowland v. Garman, 1 J. J. Marsh. 76, 19 Am. Dec. 54.

Where the vendee has paid the price of land on a parol contract, he cannot recover back the money in the absence of proof that the vendor had no title, or refused to convey the title he had. Cline v. Simpson, 4 Phila. 120.

A purchaser of real estate, who has paid part of his purchase money or done an act in part performance of his agreement, and then refuses to complete his contract, the vendor being willing on his part, will not be permitted to recover back what has thus been advanced or done. Hansbrough v. Peck, 5 Wall. 497, 18 L. ed. 520.

The statute of frauds and perjuries was passed for the benefit of vendors, and does not absolutely avoid a parol contract for the sale of land. Tripp v. Bishop, 56 Pa. 429; Lloyd's Appeal, 82 Pa. 485.

The statute cannot be pleaded by any other person than the vendor, nor can it be pleaded collaterally. Christy v. Brien, 14 Pa. 248; Houser v. Lamont, 55 Pa. 311, 93 Am. Dec. 755.

A contract cannot be rescinded by one of the parties unless both can be restored to the same condition in which they were before the contract was made. 2 Parsons, Contr. 190.

A contract which cannot be rescinded *in toto* cannot be rescinded at all; but the party complaining of the nonperformance or the fraud must resort to an action of damages. Sheffield Silver Nickel & Plated Co. v. Unwin, 46 L. J. Q. B. N. S. 299; Beed v. Blandford, 2 Younge & J. 278.

When a defendant has partly executed a contract with plaintiff, but failed to perform the residue, the plaintiff cannot claim a rescission by inference of law. Stevens v. Cushing, 1 N. H. 17, 8 Am. Dec. 27; Bell v. Hartman, 9 Phila. 1.

The vendee must tender the unpaid purchase money, whether he wishes to rescind or enforce the agreement. This results from the principle that a party himself in default has no right to insist on rescission while in default. Irvin v. Bleakley, 67 Pa. 28.

PER CURIAM:

The vendor of the land was ready and willing at all times to convey a good title according to the terms of his contract. After the vendee had made several payments according to his agreement he put it out of his power to fulfil the residue of his contract.

His payments were voluntary. He then cannot rescind the contract and recover the sum which he had thus paid to the vendor. It matters not that the vendor might not have been compelled to perform his agreement; it is sufficient that he was ready and willing to do so.

Judgment affirmed.