D. Howard Conrade, Assignee for the benefit of Creditors of John J. Eustace, who survived Edward A. Eustace, late Copartners, trading as Eustace & Co., Appellant, *v.* Michael E. O'Brien.

*Contract of sale—Statute of frauds.*

A contract of sale relating to real estate is subject to the operation of the statute of frauds and is not enforceable by either party, when it is silent as to the price and terms and when it does not contain a description of the property to be conveyed.

*Affidavit of defense—Contract—Statute of frauds.*

An affidavit, which sets up as a defense to a suit for work and labor done, the value of which is not disputed, estimates by plaintiff and due bills of defendant, purporting to show that the balance sued for was " to be paid in trade house " and alleging willingness " to sell and deliver any of said houses now in his possession to plaintiff, as he may select, upon payment of the difference between the amount of said due bills and the value of the house selected," is insufficient, as being a defense invalid under the statute of frauds.

Argued Dec. 18, 1895.   Appeal No. 46, Nov. T., 1895, by plaintiff, on the order of C. P. No. 4, Phila. Co., Sept. T., 1895, No. 449, discharging rule for judgment for want of sufficient affidavit of defense.   Before RICE, P. J., WILLARD, BEAVER, REEDER, WICKHAM, McCARTHY and ORLADY, JJ.   Reversed.

Assumpsit to recover $248.60, the amount of two due bills drawn by defendant in favor of plaintiff's assignor.   Instead of being payable in money the due bills were to be paid in " trade house."   This fact appears on the writings, is asserted in plaintiff's statement, and is admitted in the affidavit of defense, where it is set up as a defense to the action.

The plaintiff entered a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the above order, discharging rule for judgment.

*Michael J. Ryan, George McGowan* with him, for appellant.

—The contract must be mutual; both parties must have a right to compel specific performance: Bodine v. Glading, 21 Pa. 50; Meason v. Kaine, 63 Pa. 335. The terms of the contract must be clear and certain, and capable of ascertainment from the instrument itself: Ballou v. March, 133 Pa. 64; Hammer v. McEldowney, 46 Pa. 334; Soles v. Hickman, 20 Pa. 180. The terms of sale cannot be enforced and the defense set up does not amount to a payment: Sands v. Arthur, 84 Pa. 479; Loughery v. Dobson, 5 W. N. C. 535.

We entirely agree with appellee that the statute of frauds does not prevent a recovery of damages for the breach of a verbal contract for the sale of lands. The measure of damages, however, is not the value of the land, but the expenses incurred on the faith of the contract by the innocent party: Sands, Herdic & Co. v. Arthur, 84 Pa. 479; Moore v. Kiff, 78 Pa. 96.

*A. S. L. Shields* and *John B. Devine* with him, for appellee. —The statute of frauds and perjuries does not prohibit the making of verbal contracts for the sale and purchase of real estate, nor are such contracts void for any such reason. It does go to the extent, in some cases, of relieving a party to such an agreement from specific performance, but he is, nevertheless, liable in damages for his breach of contract.

The act does not prevent a recovery of damages for the breach of a verbal contract for the sale of lands: Bell v. Andrews, 4 Dall. 152; Ewing v. Tees, 1 Binn. 450; George v. Bartoner, 7 W. 530; Haines v. O'Conner, 10 W. 320; Allen's Estate, 1 W. & S. 387; Wilson v. Clarke, 1 W. & S. 554; Thurston v. Franklin College, 16 Pa. 154.

OPINION BY WICKHAM, J., January 20, 1896:

This suit was brought by the appellant, as assignee, for the benefit of creditors of Eustace & Co.

The material facts, as revealed by the statement of claim and affidavit of defense filed, are as follows: Eustace & Co. roofed thirty houses for Michael E. O'Brien, the defendant in the court below, and appellee here. It was agreed between the parties that Eustace & Co. should select and purchase, at a proper valuation, one of these houses, and that one third of the cost of roofing should be applied to the purchase money. This agreement was evidenced by the following memorandum:

"February 10th, 1893.

" M. E. O'Brien.

" Estimate for roofing 30 houses, Harmony and Reed Streets, at $17 per house, ⅔ in cash and the balance to be due bills, paid in trade house.

"Eustace & Co."

Two thirds of the entire price of the roofing were paid in cash and two due bills given for the other one third. These due bills are as follows :

"Philadelphia, Mch. 11th, 1893.

" Balance due Eustace & Co. one hundred and sixty-five dollars, to be paid in trade house.

" $165.00.            M. E. O'Brien."

"Philadelphia, July 20th, 1893.

" Balance due Eustace & Co. for roofing 9 houses, 34th and Wharton Street, to be paid in trade house, seventy-three and 60/100.

" $73.60            M. E. O'Brien."

The above memorandum and due bills contain all that was put in writing respecting the contract for the sale of the house. The appellee, in his affidavit of defense, avers that he is " ready and at all times has been, to comply with his part of said agreement, and is ready and willing to sell and deliver any of said houses now in his possession, to said Eustace & Co., or their assignee, as they may select, upon payment of the difference between the amount of said due bills and the value of the house selected." The houses, he alleges, range in price from $1,350 to $3,000.

It seems almost like an affectation of learning to cite authorities to prove that the contract of sale is subject to the operation of the Statute of Frauds and Perjuries and is not enforceable by either party. It is silent as to price and terms—a fatal defect: Soles v. Hickman, 20 Pa. 180; Greenlee v. Greenlee, 22 Pa. 225. It is also fatally defective for not containing a description of the property to be conveyed : Ferguson v. Staver, 33 Pa. 411 ; Troup v. Troup, 87 Pa. 149; Mellon v. Davison, 123 Pa. 298. Indeed, it is clear that the parties themselves had no idea which one of the thirty houses Eustace & Co. might eventually choose.

All the essentials of this contract lie in parol and the case is strikingly similar to that of Sands et al. v. Arthur, 84 Pa. 479. There the plaintiff sued for wages which were to be applied to the purchase money of a certain lot of ground, the whole agreement resting in parol. The defendants tendered a deed and offered to perform their part of the contract. Nevertheless, it was held that the plaintiff was entitled to recover. The doctrine recognized and enforced in that case governs the one in hand.

If the plaintiff's refusal to perform his assignor's part of the contract resulted in any injury to the defendant which the law recognizes, the nature and amount of the damage should have been specifically set forth in the affidavit of defense. As nothing of this sort is alleged or even suggested, it must be presumed not to exist. It follows that the plaintiff was entitled to judgment.

It is now ordered that the record in this case be remitted to the court below, and the said court is directed to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown why judgment should not be so entered.