## Jacoby, Appellant, *v.* Pipher.

*Real estate—Contracts—Oral contracts—Down-money—Statute of frauds—Act of March 21, 1772, 1 Sm. L., 389.*

In an action of assumpsit to recover an instalment, alleged to be
due upon a written contract for the sale of real estate, the evidence
disclosed that the memorandum signed by plaintiff was insufficient
to create a written contract.   Defendant gave plaintiff a check of
five hundred dollars on account.

Where in such case plaintiff did not sue upon the check nor aver
presentment and refusal of payment, but merely alleged, as incidental
to the contract sued on, that, pursuant to instructions given by de-
fendant, the check was not paid, the court properly entered a com-
pulsory non-suit.

Such an action is an attempt to enforce the payment of the first
instalment on an oral contract for the purchase of land and is,
therefore, invalid under the statute of frauds.

Argued November 21, 1927.   Appeal No. 55, October
T., 1925, by plaintiff from judgment of C. P. Brad-
ford County, No. 243, February T., 1925, in the case
of S. L. Jacoby v. Charles Pipher.   Before Porter,
P. J., Henderson, Trexler, Keller, Linn, Gawthrop
and Cunningham, JJ.   Affirmed.

Assumpsit on a contract for the sale of land.  Before BARBER, P. J., 56th Judicial District Specially Presiding.

The facts are stated in the opinion of the Superior Court.

The court entered a compulsory non-suit.  Plaintiff appealed.

*Error assigned* was the refusal to strike off the non-suit.

*J. Roy Lilley*, and with him *William P. Wilson*, for the appellant.—A vendor in a contract for the sale of land, not evidenced by a sufficient writing, can recover upon a check given in part payment:  Anderson v. Best, 176 Pa. 498; Bailey v. Phila., 167 Pa. 569; Fleischman v. Plock, 44 N. Y. S. 413, 19 Misc. Rep. 649; Atlantic, etc., Corp. v. Southwark, etc., 289 Pa. 569.

*Lee Brooks*, and with him *A. C. Fanning*, for the appellee, cited: Cohen v. Jones et ux., 274 Pa. 417; Shaw v. Cornman, 271 Pa. 260; Derr v. Ackerman, 182 Pa. 591; Weisenberger v. Huebner, 264 Pa. 316; Mellon v. Davison, 123 Pa. 298.

OPINION BY KELLER, J., March 2, 1928:

Appellant's counsel states the question involved in this appeal to be, the right to recover on a check given as down payment on parol contract for purchase of real estate, where vendee refuses to complete payment and vendor stands ready to convey; but as we view it that question does not arise under the pleadings in this case.

The plaintiff did not sue on the check, as he might have done.  On the contrary he declared that negotiations had taken place between the plaintiff and defendant looking to the sale to defendant of plaintiff's farm in Wysox Township, Bradford County, "which cul-

minated [on December 31, 1924] in an agreement to sell the same for the sum or price of $6,250''; that pursuant to said agreement defendant gave plaintiff his check for $500 on account, and received from plaintiff a memorandum in writing signed by the latter, as follows: "December 31, 1924, purchased of S. L. Jacoby 124 acres more or less, cash $500, balance on delivery of deed March 25. Bal. $5,750''; averred that the check was not paid, pursuant to instructions given the bank by defendant, and then proceeded: "9. The plaintiff was and is ready and willing to carry out the said agreement above referred to and contained in the memorandum and stands ready to tender a good and sufficient warranty deed, free from encumbrances of any sort whatsoever, in accordance with the agreement between the parties. 10. The defendant has neglected and refused to make the payment of $500, which he agreed to do and has informed the plaintiff that he will not carry out his said agreement and go on with the purchase of the said farm." By reason whereof he claimed to recover the sum of $500, with interest from December 31, 1924, the date the first payment was to be made under the contract, not the date the check was presented and refused payment, (Sec. 61 of Negotiable Instruments Act of 1901, P. L. 194, 203; Uniform Laws Annotated, Vol. 5, p. 300), which is not mentioned in the statement, but could not have been before January 5, 1925. In fact there is no distinct averment in the statement that the check was ever presented to the bank on which it was drawn for payment and payment refused. No copy of the check was attached to the statement, as required by the Practice Act of 1915, P. L. 483, if relied on by the plaintiff for his claim.

It is clear from these facts that plaintiff was basing his claim on the defendant's agreement to make a cash payment of $500, on December 31, 1924, on ac-

count of the contract of purchase and that his reference to the check was merely incidental to the contract relied on.

We have, then, an attempt in this action to enforce the payment of the first instalment payable on a contract for the purchase of lands, which appellant now admits was, in effect, a parol contract (Mellon v. Davison, 123 Pa. 298; Weisenberger v. Huebner, 264 Pa. 316), and therefore invalid under our statute of frauds (Act of March 21, 1772, 1 Sm. L. 389); rather than an action of assumpsit on the check. To have permitted a recovery would have been in the teeth of the statute of frauds. He had just as good a right to enforce the final payment under the contract as the first.

It is stated in the opinion of the lower court, but nowhere else appears in the record, that after defendant objected to the admission of the check in evidence, because of plaintiff's failure to attach a copy of it to his statement, plaintiff was allowed to amend his statement by attaching a copy of the check; but that, of itself, did not amount to a declaring upon the check rather than on the agreement. The averments of the statement were in no particular changed or amended.

For the reasons above stated we are satisfied that the court was justified in entering a compulsory nonsuit and did not err in refusing to strike it off.

With this view of the case we shall not discuss the question formulated by appellant, and express no opinion on it. Our affirmance of the order of the court below is limited to the matter herein considered.

Order affirmed.