Roberts, Appellant, *v.* Roesch.

Argued January 7, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

436

*Clarence G. Myers,* with him *Claude C. Smith,* of *Duane, Morris & Heckscher,* for appellant.—Appellant contends that the parties are concluded by the terms of the written contract between them; that there is no occasion to alter, vary or "explain" this contract by parol evidence; that if defendant be permitted to reform the contract by testimony of previous negotiations or "mutual mistake," the whole is reduced to parol, and under the statute of frauds is unenforceable: Gianni v. Russell & Co., 281 Pa. 320; Speier v. Michelson, 303 Pa. 66; Haines v. Stare, 249 Pa. 494; Radnor B. & L. Assn. v. Scott, 277 Pa. 56.

If parol testimony is required to establish any essential feature of a contract for the sale of land, the contract must be regarded as a parol contract only: Mellon v. Davison, 123 Pa. 298; Soles v. Hickman, 20 Pa. 180; Rineer v. Collins, 156 Pa. 342, 348; Ackerman v. Fisher, 57 Pa. 457; Haslet v. Haslet, 6 Watts 464; Baxter v. Doane, 208 Pa. 585; Ferguson v. Staver, 33 Pa. 411; Cohen v. Jones, 274 Pa. 417; Safe Dep. & T. Co. v. Coal Co., 234 Pa. 100; Weisenberger v. Huebner, 264 Pa. 316; Meason v. Kaine, 67 Pa. 126; Sausser v. Steinmetz, 88 Pa. 324; Sands, Herdic & Co. v. Arthur, 84 Pa. 479; McDermott v. Reiter, 279 Pa. 545.

The express warranty in the contract that the premises extend "to an alley," is the equivalent of a covenant to convey free and clear of the easement of such alley: Evans v. Taylor, 177 Pa. 286; O'Neil v. Van Tassel, 137 N. Y. 297; McDermott v. Reiter, 279 Pa. 545; Ritter v. Hill, 282 Pa. 115.

Defendant was not relieved of his positive covenant to convey the specified frontage free and clear of the alley, even though appellant knew the alley was included within that frontage: Keily v. Saunders, 236 Pa. 593; Nimlet's Est., 299 Pa. 359; Patterson v. Freihofer, 215 Pa. 47, 49; Evans v. Taylor, 177 Pa. 286; McDermott v. Reiter, 279 Pa. 545; Ritter v. Hill, 282 Pa. 115.

*R. W. Archbald, Jr.,* with him *Ralph C. Busser, Jr.,* and *Elmer C. Pfeiffer,* for appellee.—Instances where deeds of real estate contained mistakes in description, which were reformed to conform to the actual intent of the parties, are found in Haines v. Stare, 249 Pa. 494; Radnor B. & L. Assn. v. Scott, 277 Pa. 56.

The whole law is contained in the recent case of Seidlek v. Bradley, 293 Pa. 379.

Opinion by Mr. Justice Drew, March 14, 1932:

This action in assumpsit was brought to recover money paid on account of the purchase price of real estate. On January 29, 1929, by written agreement, plaintiff agreed to buy and defendant to sell a lot or piece of ground at the southwest corner of Forty-sixth Street and Westminster Avenue, in the City of Philadelphia. The lot was described in the agreement as having a frontage on Forty-sixth Street of "57 feet 8½ inches, to an alley." It had in fact a frontage of only 54 feet 8½ inches, to a three-foot unopened alley. The defendant tendered a deed which described the property as "57 feet 8½ inches to the south side of an alley," which included the three-foot alley, and the deed was refused by the plaintiff on the ground that it did not comply with the terms of the

agreement. The defendant denied this allegation, insisted that plaintiff had been tendered the exact property which he had purchased, and set out that a mutual mistake had been made in the description of the property in the agreement. The trial court held that the pleadings and testimony raised a plain question of fact, and submitted it to the jury.

From the testimony the jury could properly have found the following facts: When the parties met to execute the contract the defendant presented a written agreement in which the lot was described as "54 feet 8½ inches to an alley," which was correct. One Troy, a broker who was acting as plaintiff's agent, because of a record which he claimed to have seen in an assessor's office, said, "Well, you have more than that," and defendant replied, "If I have, all right, you can have it. I want to sell you all I have; let us look at the deed." They did look at the deed, in which the property was described as "57 feet 8½ inches to the south side of an alley," which was the farther line of the alley. The agreement was then changed by striking out "54" and inserting "57," which made it read "57 feet 8½ inches to an alley," the parties and Troy by mistake overlooking the fact that the deed read "to the south side of an alley." The plaintiff was present and knew he was purchasing all the ground defendant had, and he knew at the time he made the agreement that an unopened three-foot alley adjoined the lot. He bought the property to build an apartment house upon it. After the agreement of sale he tried to have the alley vacated so that he could include it in his lot and build upon it. Although he soon learned that the description in the agreement was not accurate, he raised no objection to it until after his efforts failed to have the alley vacated. Three months and a half after making the agreement, when he knew all about the mistake in the description of the property, he voluntarily made an additional payment of $1,000 on account of the purchase price. The trial court

held the whole case turned on whether plaintiff knew at the time he made the agreement that the alley was included in the 57 feet 8½ inches, and submitted that question for determination to the jury, which decided the question in favor of defendant. After judgment was entered on the verdict, the plaintiff appealed, his motions for new trial and judgment n. o. v. having been refused.

The plaintiff has assigned as error the action of the lower court in permitting the introduction of parol evidence to show the real intention of the parties. There is no merit in this contention. It is well settled that the parol evidence rule does not bar showing that, as a result of mutual mistake, a written agreement does not express the true intention of the parties, and that as it stands neither party had assented to it. "It has long been held in Pennsylvania that parol evidence, if sufficient, may be used to show fraud, accident or mistake in the making of a contract": Cridge's Est., 289 Pa. 331. See also Gianni v. Russell, 281 Pa. 320, and Speier v. Michelson, 303 Pa. 66. This is precisely what happened here, where parol evidence was admitted, not to vary or change the agreement, but to show that, as a result of a mutual mistake, the description in the agreement was made to read "to an alley," instead of as intended, "to the south side of an alley." The parol testimony offered in explanation of the alleged mistake was clearly competent, and because of the contradiction in the testimony on this subject, the question was necessarily submitted to the jury to determine whether a mistake was made, and the jury found that a mistake was made in writing the description. Mistake having been pleaded and proved, the plaintiff can no longer stand upon the letter of the written contract.

It is true, as plaintiff claims, that parol evidence having been used to prove the true agreement, the whole contract, in legal contemplation, became parol (Safe Deposit & Trust Co. v. Diamond Coal & Coke Co., 234 Pa.

100), and thus, as a contract relating to the sale of land, it cannot specifically be enforced because of the statute of frauds (Weisenberger v. Huebner, 264 Pa. 316). It does not follow, however, that to refuse plaintiff a recovery will be to enforce the contract in violation of the statute. The defendant is not in default, he tendered his deed properly executed, was ready and willing to perform, but was prevented from doing so by plaintiff's refusal to pay the full purchase price and accept the deed. The plaintiff is in the position of a vendee seeking to recover back purchase money paid on an unenforceable oral contract, which he alone is unwilling to carry out because he wishes to rescind it. This same situation was before the court in Hathaway v. Hoge, 1 Sadler 119, 1 Atlantic 392 (1885), where we said: "The vendor of the land was ready and willing at all times to convey a good title according to the terms of his contract. After the vendee had made several payments according to his agreement he put it out of his power to fulfill the residue of his contract. His payments were voluntary. He then cannot rescind the contract and recover the sum which he had thus paid to the vendor. It matters not that the vendor might not have been compelled to perform his agreement; it is sufficient that he was ready and willing to do so." And in Allison v. Montgomery, 107 Pa. 455, we said: "But in order to recover at all it must be shown affirmatively that the defendant has refused to comply with his part of the agreement. It is not enough that the contract is within the statute, and that by reason thereof either party may rescind at pleasure; there must be an actual rescission, an actual breach, or no action will lie. A parol contract for the sale of land is neither illegal nor per se void, but voidable only, hence, if the vendor does nothing by way of repudiation he cannot be visited with damages." To permit defendant to keep what plaintiff voluntarily paid is not in any way enforcing the contract, for the plaintiff need not take the land. The plaintiff alone refused to carry out the contract, and

under the facts and law of the case defendant is clearly entitled to keep the payments made on account of the purchase price. A settled rule in respect to contracts for the sale of real estate is "that the party who has advanced money, or done an act in part-performance of the agreement, and then stops short and refuses to proceed to its ultimate conclusion, the other party being ready and willing to proceed and fulfill all his stipulations according to the contract, will not be permitted to recover back what has thus been advanced or done": Hansbrough v. Peck, 72 U. S. 497, 506; Sanders v. Brock, 230 Pa. 609.

The plaintiff relies on Sands, Herdic & Co. v. Arthur, 84 Pa. 479, to support his position. The case does not help him in any way. There the plaintiff was permitted to recover wages which he had agreed should be applied as part payment on a parol contract for the purchase of a lot. There was no application of the money to the contract, so there was no payment, and since the contract was unenforceable because of the statute of frauds, the plaintiff was allowed to recover. The court said: "No possession was taken of the lot, no actual application of the one-third of the price was made upon the work done." To the same effect see Loughery and Gillin v. Dobson, 5 W. N. C. 535, and Conrade v. O'Brien, 1 Pa. Superior Ct. 104. These cases have no bearing on the case at bar, because here the money sought to be recovered was part payment of the purchase price and was actually applied on the contract.

In what we have said, we have considered all the assignments of error which have merit. On the view we have taken, it is unnecessary to discuss the assignments relating to the refusal of the trial judge to admit evidence concerning plaintiff's alleged damages. As plaintiff was not entitled to recover, being himself the one in default, he suffered no damages.

Judgment affirmed.