Claphan *v.* Barber.

ARTHUR W. CLAPHAN

*v.*

MIGNONETTE F. BARBER et al.

[Filed December 5th, 1903.]

1. The description of a house by street and number, in a town, in a memorandum for its sale, is a sufficient description of the house so designated, with its curtilage, within the statute of frauds.

2. Where, in a suit for specific performance of a contract for the sale of a house described by street and number, the bill described the property, and defendant admitted his ownership thereof, and admitted that an agent had advised him that he had obtained a purchaser thereof, and that he signed the receipt of a certain sum in part payment in the purchase of a house described by street and number, the identity of the property is sufficiently established.

3. Defendant, sued for the specific performance of a contract for the sale of real estate, cannot complain that he is required to specifically perform a contract less onerous than the one he intended to sign.

This bill is filed to compel the specific performance of an alleged contract between these parties for the sale and purchase of a house in Woodbury, New Jersey.

*Mr. Norman Grey,* for the complainant.

*Messrs. Watkins & Avis (Mr. Watkins),* for the defendants.

REED, V. C.

On March 14th, 1903, Mignonette F. Barber signed the following paper:

"WOODBURY 3/14/03.

"Received of Arthur W. Claphan fifty dollars in part payment in the purchase of house No. 35 Center St. Woodbury N. J.

"$50.00. MIGNONETTE F. BARBER."

Mignonette F. Barber declines to make a conveyance of the said property and now invokes the statute of frauds as a defence to this suit. It is said that the property is insufficiently described. I am of the opinion that a number of a house on a street is a very good description of a house so designated with its curtilage. It is true that no evidence was offered to show the existence of such a house upon Center street, Woodbury, New Jersey, or the dimensions of its curtilage. But the bill sets out a description of a property known as No. 35 Center street, of which a more particular description is attached to the bill.

The defendants admit her ownership of the property described, and admit that one Allen, her agent, advised her that he had obtained a purchaser for this property, in the person of Arthur W. Claphan, and that she signed the receipt and received a check for $50 from said Claphan.

The identity of the property, therefore, which is the subject-matter of the receipt, is sufficiently established. It is again insisted that the terms of payment are not proved with sufficient certainty by parol.

It is not denied that the same was to be $3,500, but the query is whether it was to be all in cash or $1,000 in cash and $2,500 upon a mortgage, to be given to Mrs. Barber.

I think it sufficiently appears that it was to be in cash, and that the error in stating the contract in the original bill arose from a misunderstanding of what was written in the statement given by Mr. Claphan to his solicitor, by way of instructing the latter in bringing the suit. The allusion to a mortgage contained in the statement was respecting one that Mr. Allen was to negotiate for the purpose of raising the cash to pay Mrs. Barber. I think, also, that the time when the money was to be paid is sufficiently ascertained, and that it was to be paid when Mrs. Barber could terminate the tenancy of the person then occupying the house, and that two months was stated as the time this would require. This period of time has now expired, and I see no reason why a deed should not be delivered upon the payment of $3,500 in cash.

The testimony of Mrs. Barber goes only to the points that she did not understand what she was signing and that Mr. Claphan abandoned the contract. Neither of these points is proved. It is also said that the parol contract was for the conveyance of other articles than the house itself. There is no ground laid for reformation, nor can the defendant complain that she is to specifically perform a contract less onerous than the one she intended to sign.

I will advise a decree for the complainant.