MITCHELL BLANK, APPELLANT, v. SAMUEL BERGER AND LENA BERGER, RESPONDENTS.

Submitted February 17, 1928—Decided May 14, 1928.

For the appellant, *Powell A. Martin.*

For the respondents, *William T. Boyle.*

The opinion of the court was delivered by

KALISCH, J. This is an appeal from a judgment of non-suit ordered in the Supreme Court, at the Camden Circuit.

The appellant brought his action in the court below against the defendants, now respondents here, to recover the sum of $2,500 paid by the former to the latter, on September 30th, 1925, as a deposit to be applied to the purchase price of certain premises situate at 601 Broadway, in the city of Camden.

At the time of the payment of the deposit referred to, the respondents gave to the appellant a receipt, as follows: "September 30, 1925. Received of Mitchell Blank the sum of $2,500 as a deposit on property 601 Broadway, Camden, N. J., purchase price being $55,000. Balance to be paid at date of settlement on or before January 15, 1926, as follows: First mortgage of $30,000 to remain for a period of four years from date of settlement and balance of $22,500 in cash." Signed, S. Berger, Lena Berger.

According to the appellant's testimony the receipt accurately states the terms of the agreement entered into between him and the respondents, relating to the sale of the property in question.

Manifestly, there is nothing in the receipt given for the deposit money which indicates that there was to be any formal agreement or further instrument in writing to be executed between the parties, relating to the transaction.

The trial judge received testimony given by the plaintiff as to an alleged oral understanding between him and the respondent to the effect that the former was to prepare a formal

agreement later in the day or on the day following the execution of the receipt embodying the terms of such receipt, for the respondent to execute, and that he, the appellant, prepared such formal agreement and presented the same to the respondents for their signatures, but they refused to sign it, because it contained provisions which were not embodied in the terms of the receipt and had not been agreed upon between them, and this was conceded to be the fact by the appellant.

It further appeared from the appellant's testimony that on the day fixed in the receipt for final settlement, the respondents tendered a deed to him in full compliance with the terms of the receipt, but he refused to accept the same.

A reference to appellant's complaint discloses that his action is based upon the assertion that he paid to the respondents the sum of $2,500 upon an agreement that the latter would at a future date enter into a formal written contract with the appellant or his nominee for the sale of the property in question, and that the respondents failed to comply with such agreement.

We think the trial judge very properly found, assuming that it was competent, in view of the paper-writing which was executed by the respondents at the time of the payment of the deposit, for the appellant to establish by oral testimony that such paper-writing was to be supplemented by a formal agreement, that there was no testimony before the court that the appellant ever tendered such an agreement nor ever demanded the execution of an agreement by the respondents which embodied the terms of the paper-writing, signed by them, and, therefore, very properly held, since the action was based upon the failure of the respondents to enter into an agreement such as claimed by the appellant, and not because of the refusal of the respondents to convey the property in question, and since it further appeared that no such formal agreement ever was tendered, and that the appellant demanded an execution of the agreement embodying terms, not only at variance with those set forth in the paper-writing in evidence, but imposed upon the respondents conditions and limitations, which, according to the appellant's testimony, do not appear to have been considered or contemplated at the

time the paper-writing was signed by the respondents, that, therefore, the appellant utterly failed to establish any right for a recovery on this ground, which is made the gravamen of his action against the respondents.

Furthermore, it appeared on appellants's case that when the day of settlement mentioned in the paper-writing arrived, the respondents tendered a deed in conformity with the terms expressed in the paper-writing, which deed the appellant refused to accept, giving as a reason for his refusal that he did not want the property at that time.

Finding no error in the judicial action of the trial judge, the judgment of nonsuit is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 16.

*For reversal*—None.