The petition of System Brake Service, Incorporated, is to be relieved of a contract to purchase from the receiver of the defendant company premises No. 613-615 Bloomfield avenue, Bloomfield, and for the return of the down money, $1,800. *Page 528 
System Brake Service, Incorporated, offered to the receiver to purchase the property for $18,000 and paid down $1,800 as a deposit, and arranged to borrow the balance from Bernard Miller, and Economy Auto Supply Company.
On June 21st, 1932, the court made an order directing the receiver to accept the offer and the company thereupon entered into a formal contract of purchase with the receiver. The petitioner says it cannot perform, because on June 11th (ten days before) the New Jersey National Bank and Trust Company of Newark, failed, in which it had on deposit $1,169.91 and was the holder of one hundred shares of stock upon which it was assessed and paid $2,500, and Bernard Miller was the owner of two hundred and ninety-eight shares of stock of the New Jersey National Bank and Trust Company and was assessed and paid $7,450, and also had on deposit with the bank $2,259.93, and the Economy Auto Supply Company had on deposit $36,916.44, and it claims it cannot borrow from them nor procure any funds from mortgage companies or banks. It further says that if it were compelled to take title to the property, it would be necessary for it to use all of its available credit for that purpose and that it would then be compelled to suspend its ordinary business for want of funds to carry on the same, and further that it could not reasonably have foreseen (sic) the failure of the New Jersey National Bank and Trust Company, and that a great hardship would be worked upon it if it were compelled to take title. It prays that the contract and offer to purchase property be canceled or rescinded and the $1,800 deposit money returned.
Counsel concedes that the move is novel. It is naive or rash, according to the viewpoint. He argues that in our judicial discretion we should relieve. We sometimes refuse to specifically enforce a contract and leave the parties to their action at law, but it is doubtful if an authority can be found for exercising the discretion because a purchaser finds himself without funds. None has been brought to our attention. King v. Morford,1 N.J. Eq. 274; Plummer v. Keppler, 26 N.J. Eq. 481; Bartley v.Lindabury, 89 N.J. Eq. 8; J.A. *Page 529 Migel, Inc., v. Bachofen, 96 N.J. Eq. 608, and Harrington
v. Heder, 109 N.J. Eq. 528, cited by counsel certainly do not support his proposition. 5 Pom. Eq. Jur. 4958 says:
"Subsequent events, which should have been contemplated. No defense. — Courts of equity frequently state the rule to be that the hardship and unfairness must be judged of in relation to the time of making the contract, and that specific performance will not be refused because of hard conditions brought about by subsequent events, or changes in circumstances. A more accurate formulation of the rule is this: equity will not relieve against hardship arising from a change in circumstances or the result of subsequent events, where these should have been in contemplation of the parties as possible contingencies, when they entered upon the agreement. And of such nature are the ordinary changes like a rise or fall in values, profits or loss in the undertaking, mistakes of judgment, unforeseen events, which yet were fairly possible contingencies, c. Thus, no hardship arising from a great change in values between the time of making of the agreement, and the conveyance can be a ground for any relief. Nor can hardship arising from bad judgment, miscalculation, or changes of conditions that ought fairly to have been in contemplation of the defendant be considered by the court."
The "hardship" in the case at bar is not inherent in the contract, was not induced by any inequitable conduct on the part of the receiver, and did not exist at the time the contract was entered into.
The purchaser having contracted with the receiver, pursuant to an order of this court, has thus made himself a party to the cause so that he may be proceded against summarily to compel the completion of his bid. The petition to be relieved of the sale will be denied, and on the receiver's cross petition it will be decreed that the petitioner complete its bid. *Page 530