[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 50 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 51 
This is an appeal from a judgment rendered by the First District Court of Jersey City in favor of the defendants-respondents.
Under date of November 21, 1945, the defendants, as sellers, and the plaintiffs, as buyers, entered into an agreement for the sale of property located in Jersey City. At that time the plaintiffs paid a deposit of $200 and the following memorandum was duly signed:
"Receipt for deposit of Two Hundred Dollars ($200.00), from Frank Bernstein and Dave Gold for property of 2709, 2711, 2713 Boulevard, Jersey City, N.J., subject to search of property. Total price is ($26,500) Twenty Six Thousand Dollars and Five Hundred without commission. Deposit is binding until search is completed. This also includes option to purchase tailor store for One Thousand Dollars. Option to expire in one week.
Nov. 21, 1945
 FRANK BERNSTEIN c/o GOLD 2961 Boulevard J.C., N.J. Jo. Sq. 2-4081
300 hundred dollars more Deposid due Saturday
 Ray Rosenzweig Herman Rosenzweig"
The plaintiffs, being dissatisfied with their purchase, failed to make the additional payment of $300 as provided in the memorandum and refused to proceed with any of the steps required for consummation of the transaction. Thereupon, under date of December 5, 1945, the defendants advised the plaintiffs by letter that their right to purchase the premises commonly designated 2709-2713 Boulevard, Jersey City, was cancelled. No further action in the matter was taken until February 19, 1946, when plaintiffs instituted their action in the First District Court of Jersey City to recover the $200 deposit paid by them. *Page 52 
Plaintiffs testified before the district judge that it had been represented to them that the property referred to in the memorandum of November 21, 1945, included a rear yard; that the rental income of the property had been misrepresented; and that the parties had orally agreed that the property would be conveyed subject to an existing mortgage of $17,500 and that the balance due on the purchase price would be paid in cash. There was no dispute by the defendants as to the agreement with respect to the conveyance of the property subject to the mortgage and the payment of the balance of the purchase price. However, the defendants, in their testimony, expressly denied the allegations with respect to the rear yard and the rental income and the judgment for defendants, rendered by the district court, may be taken as a factual finding in their favor on this issue. SeePollack v. New Jersey Bell Telephone Co., 116 N.J. Law 28, 30(Sup.Ct. 1935); Frayne v. Bahto, 137 N.J. Law 109, 111(Sup.Ct. 1948).
Plaintiffs, in support of their appeal, contend (1) that the deposit was recoverable because the parties never entered into a binding contract, (2) that the memorandum dated November 21, 1945, was insufficient under the statute of frauds, and (3) that the defendants by their cancellation letter of December 5, 1945, defaulted thereunder.
 1.
Where the prospective buyer pays a deposit to the prospective seller, merely as a step in the negotiations, and the parties fail to execute the contract contemplated by them, the deposit may be recovered by the buyer. See Mattson v. Slack,134 N.J. Law 278 (Sup.Ct. 1946); Thompson v. Killheffer,99 N.J. Law 439 (E. A. 1924). On the other hand, where the parties have entered into a binding agreement, and the buyer defaults thereunder, the seller may, in general, retain the deposit as damages. See Katz v. Katz, 134 N.J. Law 303, 304 (Sup.Ct.
1946) where the court said:
"Where a contract contains no stipulation as to damages for its breach a purchaser who alone repudiates the contract without justifiable cause, as in the case sub judice, cannot recover what he has paid under it. Steinbach v. Pettingill, 67 N.J.L. 36; Thompson v. Killheffer, *Page 53 98 Id. 359; reversed on other grounds in 99 Id. 439; Blankv. Berger, 104 Id. 569; Moore v. Durnam, 63 N.J. Eq. 96; affirmed, 69 Id. 828."
Question may occur as to whether the Katz case should be applicable where the deposit was so proportionately large that its entire retention by the seller would appear to be a penalty or forfeiture rather than damages. Cf. Restatement, Contracts
(1932) § 357; 5 Williston, Contracts (rev. ed. 1937) § 1476. However, this issue need not concern us in view of the nature of plaintiffs' deposit which constituted less than one per cent of the purchase price.
The parties had agreed on the essential terms of the transaction and had signed a memorandum which, though informal, fairly embodied them. No further written contract was contemplated and the failure to consummate the sale was due entirely to the plaintiffs' default. In view of these circumstances, there is no merit to plaintiffs' contention that the deposit is recoverable because there was no binding agreement. See Steinbach v. Pettingill, 67 N.J. Law 36 (Sup.Ct. 1901).
 2.
Plaintiffs urge that notwithstanding the foregoing determination the defendants are not entitled to retain the deposit on the ground that the memorandum of November 21, 1945, did not satisfy the statute of frauds. Since this is neither an action to enforce the agreement (R.S. 25:1-5) nor one in which the defendants are seeking to retain benefits received thereunder while resisting its enforcibility, (Restatement,Contracts (1932) § 355) the statute of frauds would seem to have no application. Cf. Stasi v. Nigro, 135 N.J. Law 473,474 (E. A. 1947); Eaton v. Eaton, 35 N.J. Law 290, 293(Sup.Ct. 1871). In any event, however, the memorandum of November 21, 1945, was sufficient to satisfy the statute. The property was adequately identified by street number. See Stasiv. Nigro, supra; Story v. Walker, 71 N.J. Law 256, 258 (Sup.Ct. 1904); Claphan v. Barber, 65 N.J. Eq. 550 (Ch.
1903). The purchase price was clearly specified and in the absence of provisions to the contrary, payment thereof would ordinarily be required *Page 54 
contemporaneously with the transfer of the property.Weyl-Zuckerman Co. v. Schnell, 96 N.J. Law 558, 560 (E. A. 1921). Since there was no dispute between the parties as to the manner of the payment of the purchase price and the buyers' default did not pertain thereto, we need not consider the admissibility or effect of the evidence as to the oral arrangement in this connection. Plaintiffs cannot, in any event, assert any harm since the memorandum of November 21, 1945, was sufficient to bind them, whether it was considered alone, or in the light of the more favorable oral arrangement as to the manner of payment of the purchase price. Cf. Blank v. Berger,104 N.J.Law 569 (E. A. 1928).
 3.
In support of their final contention that the letter of cancellation of December 5, 1945, constituted a default by defendants, plaintiffs cite King v. Ruckman, 21 N. .J Eq. 599(E. A. 1870), which states the established doctrine that, in equity, time for performance is not deemed to be of essence unless so stipulated in the contract. Without considering whether that doctrine would have pertinence if the plaintiffs had sought performance of the agreement and the defendants had rested on their letter of cancellation, it has no bearing whatever under the facts before us. Here the plaintiffs, while receiving the full benefit of a week's option to purchase the tailor store, not only defaulted on their obligation to make an additional deposit, but, by their conduct and with the defendants' knowledge, repudiated the entire contract and never altered their position. The defendants were not obligated to hold themselves indefinitely in readiness to convey the premises; on the contrary, upon being advised of the repudiation they had the right to "treat the contract as terminated for all purposes of performance and maintain an action at once for the damages occasioned by such repudiation." See O'Neill v. Supreme Council, American Legion ofHonor, 70 N.J. Law 410, 412 (Sup.Ct. 1904); Holt v. UnitedSecurity Life Insurance and Trust Co., 74 N.J. Law 795, 801(E. A. 1907). In lieu of maintaining an action defendants chose to retain the deposit as damages, consider the *Page 55 
matter terminated, and so advise the plaintiffs. Under the circumstances, there was nothing improper in their having taken this course of action.
The judgment of the district court is affirmed.