The plaintiff, vendee in a contract for the sale of realty, brings this action against his vendors seeking a restraint against forfeiture of the sum of $1,250, the deposit paid under the contract, a restraint against defendants' reselling the property except at a "fair" price at public sale, and a return of the down payment. It is alleged in the complaint that the premises can be readily sold in the open market for $12,500, the contract price, or in excess thereof, and that the retention of the deposit would be a forfeiture thereof without regard to any loss sustained by defendants.
An application was made for an ad interim restraint and an order to show cause entered. Defendants filed answering affidavits establishing that plaintiff is in default, due to his inability to raise the balance of the purchase price, and offering to perform and convey upon payment of the balance. There is no denial of the value of the property as alleged by plaintiff. Upon the argument of the order to show cause, defendants in open court renewed their offer to perform and convey, and plaintiff admitted his financial inability to perform. *Page 185 
It is quite obvious that the primary relief sought is legal, namely, a money judgment for the return of the deposit paid under the contract. Such an action ought to be brought before the Law Division, Rule 3:40-2, and in an appropriate case could be transferred to that division for trial, Rule 3:40-3; Gallowayv. Eichells, 1 N.J. Super. 584 (Ch.Div. 1948). However, the conclusion I have reached renders such a course unnecessary.
It is long and well established legal doctrine that a vendee who refuses or is unable to perform his contract can *Page 186 
not recover the earnest money paid, if the vendor is ready, willing and able to perform on his part. Steinbach v.Pettingill, 67 N.J. Law 36, (Sup. 1901); Katz v. Katz,134 N.J. Law 303, (Sup. 1946); Hansbrough v. Peck, (1867), 5Wall. (U.S.) 497, 18 L.ed. 520.
Evidently realizing that he has no cause of action at law, plaintiff prays for equitable relief. But the foregoing rule is the same in Chancery. Moore v. Durnam, 63 N.J. Eq. 96 (Ch.
1902), affirmed 69 N.J. Eq. 828, (E. A. 1905); LincolnBus Co. v. Jersey Mutual Casualty Ins. Co., 112 N.J. Eq. 527,(Ch. 1933).
Even if it be assumed as a fact that a resale at public sale by defendants will result in a profit or no loss, there is no power in the court, under the circumstances here presented, to direct defendants to sell or restrain them from selling. The vendors not being in default, the court may not interfere.
While the relief sought is unusual, it is but a new variation on an old theme. In Lincoln Bus Co., v. Jersey Mutual CasualtyIns. Co., supra, which arose during the depression, in 1933, the vendee of a Chancery receiver made application for the return of his down payment and to be relieved of a bid, because of his inability to provide the balance of the purchase price. Not only the vendee, but also persons from whom it had arranged to borrow, were depositors in a bank which had failed. Other hardship reasons were also advanced. The conclusions of Vice-Chancellor Backes are very pertinent. He said:
"Counsel concedes that the move is novel. It is naive or rash, according to the view-point. He argues that in our judicial discretion we should relieve. We sometimes refuse to specifically enforce a contract and leave the parties to their action at law, but it is doubtful if an authority can be found for exercising the discretion because a purchaser finds himself without funds. None has been brought to our attention. * * * (Cases cited)
"The `hardship' in the case at bar is not inherent in the contract was not induced by any inequitable conduct on the part of the receiver, and did not exist at the time the contract was entered into."
 For these reasons the order to show cause will be discharged. *Page 187