92 N.J. Super. 331 (1966)
223 A.2d 355
VINCENT T. OLIVER AND VINCENT T. OLIVER ENTERPRISES, INC., PLAINTIFFS-APPELLANTS,
v.
ALEXANDER E. LAWSON AND BEATRICE V. LAWSON, DEFENDANTS-RESPONDENTS, AND CHARLES SHAKARJIAN, SHAKARJIAN REALTY CO., JULIAN REALTY CORP., ALBERT B. STAVITSKY, NICHOLAS IGNELZI, ATLANTIC FUNDING CORPORATION AND ROLEHILL CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Submitted September 19, 1966.
Decided October 17, 1966.
*332 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Mr. Nicholas S. Schloeder for appellants.
Mr. Joseph V. Cullum for respondents Alexander E. Lawson and Beatrice V. Lawson.
*333 The opinion of the court was delivered by KILKENNY, J.A.D.
The Chancery Division decided that defendants Lawson, who agreed in writing to sell certain lands in North Bergen, New Jersey, to plaintiff corporation for $215,000, were entitled to retain as damages the contract deposit of $20,000 upon its finding that the buyer breached the contract and the failure to close title was not due to any fault on the part of the sellers.
Plaintiffs appeal from the judgment, contending that retention of the deposit would amount to a forfeiture and an unjust enrichment of the sellers, who, after plaintiffs' default, admittedly made a new contract to sell the property to a third party at substantially the same purchase price.
We are not concerned with the other defendants named in this litigation. The judgment in their favor has not been appealed by plaintiffs. We also agree with defendants that the individual plaintiff is not a proper party to this appeal, despite his control of plaintiff corporation, because the corporation was the purchaser under the contract and sued as plaintiff to recover the deposit. However, the misjoinder of the individual plaintiff as an appellant will not affect the necessity of deciding the appeal on its merits.
In order to avoid the cost of reproducing the entire record, the appeal has been limited to the single issue of defendants' right to retain the deposit. We must assume, therefore, that the trial court correctly determined that plaintiff buyer wrongfully breached its contract of purchase and that defendant sellers were without fault.
It has heretofore generally been held in New Jersey that in such instances the defaulting buyer may not recover his deposit, irrespective of the actual damages suffered by the seller and regardless of whether the contract contains a forfeiture provision or not. The instant contract contained no such provision. Steinbach v. Pettingill, 67 N.J.L. 36 (Sup. Ct. 1901); Katz v. Katz, 134 N.J.L. 303 (Sup. Ct. 1946); Bernstein v. Rosenzweig, 1 N.J. Super. 48, 54 (App. Div. 1948); Earlin v. Mors, 1 N.J. 336 (1949); McEnaney v. *334 Spedick, 13 N.J. Super. 37, 41 (App. Div. 1951). New Jersey follows the prevailing view in this regard. 31 A.L.R.2d 8, 96 and 98 (1953).
Even where efforts have been made by the buyer to invoke the aid of a court of equity on the theory of hardship which a retention of the deposit would allegedly entail, relief has generally been denied when the basis therefore has been, as allegedly here, the buyer's inability to raise the balance of the purchase price. Lincoln Bus Co. v. Jersey Mutual & Casualty Co., 112 N.J. Eq. 527 (Ch. 1933); Kingdon v. Sickles, 2 N.J. Super. 183 (Ch. Div. 1948).
Plaintiffs argue that the more modern view would allow the seller to retain only so much of the deposit as would compensate him for his actual damage sustained. Reference is made to Restatement, Contracts, § 357 (1932), and 5 Williston on Contracts (rev. ed. 1937), §§ 1473-1477. Undoubtedly, this is true in some jurisdictions but, as Williston points out in § 791 (3d ed. 1961), "the great majority of decisions deny the buyer relief." The question was recognized by our court in Bernstein v. Rosenzweig and McEnany v. Spedick, supra, in each of which recovery of the deposit was denied. However, we found it unnecessary for decision in those cases because the deposit in each instance was not so proportionately large as to concern the court. The deposit was less than 1% of the purchase price in Bernstein and less than 4% of the purchase price in McEnaney.
In Moore v. Durnam, 63 N.J. Eq. 96, 98 (Ch. 1902), affirmed 69 N.J. Eq. 828 (E. & A. 1905), where a deposit of $450 on a $5,000 purchase price was agreed upon as a forfeiture upon a default, the court indicated that "[T]he sum to be forfeited was not unreasonably disproportioned to the subject-matter of the contract, being less than 10 per cent of the consideration to be paid." So, too, in the instant case the deposit, although substantial, was not relatively unreasonably disproportioned, being less than 10% of the purchase price. Moore v. Durnam reiterates:
*335 "The rule is entirely settled that a part payment of the purchase money cannot be recovered by a purchaser if he causelessly refuses to execute his contract." (63 N.J. Eq., at p. 98)
Plaintiffs contend that the true measure of damages for breach by a buyer of a contract to purchase real property is the difference between the contract price and the market value at the time of the breach. In support thereof, they cite Baerenklau v. Peerless Realty Co., 80 N.J. Eq. 26, 31 (Ch. 1912), and Sheehy v. Galipeau, 48 N.J. Super. 95, 102 (App. Div. 1957). This is true where the seller, not content merely to retain the deposit, brings an action against the buyer to recover damages for the breach of contract. That was the situation in Sheehy v. Galipeau, where the contract price was $34,500, the buyer paid a $500 deposit and refused to complete the sale, and less than five months later the sellers sold the property to others for $33,000. An award of $1,000 in damages was upheld. Thus, the sellers not only retained the $500 deposit but also received a further sum by way of damages. In the instant case, the sellers did not sue to recover damages. They merely retained the deposit in lieu of instituting legal action.
Baerenklau v. Peerless Realty Co., supra, involved the installment payment type of contract, which provided that, should any default be made in the payment of any installments, the seller, at its option, could declare the contract at an end and the installments paid would be forfeited as liquidated damages. The buyers defaulted after paying installments amounting to $980 of the $1,200 purchase price. In the buyer's suit to compel specific performance, the court held that the seller had lured the buyers along to make further payments until practically all the purchase price had been paid, thereby waiving the right to declare forfeited the payments made. Obviously, a court of equity will not tolerate such an unconscionable performance by the seller. It ordered specific performance, conditioned on the buyers' payment of the balance of the contract price. Clearly, such a fact situation does not exist in the instant case. The buyer herein did not seek *336 specific performance. Rather, it sought a rescission of the contract, alleging fraud, but failed to prove its allegations, as the trial court found.
There is a further difficulty with the claim by plaintiffs for recovery of the deposit on the theory of unjust enrichment. They failed to present any adequate proof of an unjust enrichment. Except for reference to the contract made by the sellers after plaintiff buyer's default for sale of the property to a third party for substantially the same price, the details of which contract were not disclosed, plaintiff produced no evidence to establish that defendants would be unjustly enriched if permitted to retain the $20,000 deposit. One who charges an unjust enrichment has the burden of proving it. 5A Corbin on Contracts, § 1132, p. 64 (1964); Seekins v. King, 66 R.I. 105, 17 A.2d 869, 134 A.L.R. 1060 (Sup. Ct. 1941); Quillen v. Kelley, 216 Md. 396, 140 A.2d 517 (Ct. App. 1958). In Schwartz v. Syver, 264 Wis. 526, 59 N.W.2d 489 (Sup. Ct. 1953), a vendee in default was refused restitution of his down-payment, even though the vendor had resold the property at a higher price, because this fact alone was held to be not sufficient to show that the vendor had not suffered injury at least equal to the down-payment. No other evidence was offered in the Schwartz case and no other evidence was offered here. In fact, at the time of trial herein the new contract was bogged down in collateral litigation and had not been consummated.
It must be borne in mind that the vendor, in cases such as this, is the wronged party and that his injury may not be capable of accurate estimation. As evidenced by an affidavit which the trial court directed defendants to submit, and as to which plaintiffs offered no contradictory affidavit or other evidentiary proof, defendants obviously suffered substantial damage by reason of the buyer's default in closing title. The delay and ultimate failure by plaintiffs to close title burdened defendants with the obligation to pay substantial sums by way of taxes and liability insurance premiums on this vacant non-income producing land, and to keep a liquor license alive for *337 transfer to the buyer. The sellers were deprived of interest on the balance of $195,000 of the purchase price, which they would have had if the buyer had lived up to its contractual obligations. Legal and other incidental expenses were incurred by reason of plaintiffs' default. In brief, not only did plaintiffs fail to prove an unjust enrichment of the sellers but the only proofs before the court showed an absence of any unjust enrichment.
We conclude that the trial court properly allowed defendant sellers to retain the deposit. The judgment is affirmed.