**W. Lewis WILKINS, Defendant Below, Appellant,**

v.

**Simon BIRNBAUM, Plaintiff Below, Appellee,**

and

**Tillman B. Cox, Defendant Below, Appellee.**

Supreme Court of Delaware.

May 28, 1971.

Clyde M. England, Jr. of Killoran & Van Brunt, Wilmington, for appellant.

Edward J. Sobolewski, Jr., Newark, for Simon Birnbaum.

Joseph M. Kwiatkowski and Edward Z. Sobocinski, Wilmington, for Tillman B. Cox.

WOLCOTT, C. J., CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

This is an appeal from a judgment of the Court of Chancery refusing, at the suit of the prospective purchaser, specific performance of a contract to purchase land, and directing the return to the purchaser of the deposit made at the time the contract was entered into. The seller of the land appeals only the direction to return the purchaser's deposit.

The facts are that the purchaser, appellee, and the seller, appellant, entered into a contract on November 24, 1969 for the sale of an interest in land at a price of $40,-000.00. The contract provided for a deposit by the purchaser of $4,000 upon the signing of the agreement, with the balance due upon final settlement. Final settlement was to be held one year from the date of agreement, with the proviso that final settlement could be accelerated by either party on 90 days' written notice. In the event of acceleration, at the election of the seller, the purchase price was to be discounted to $38,000.00. In accordance with

the contract, the purchaser made a deposit of $4,000 or 10% of the agreed-upon purchase price.

The seller in fact exercised his right to accelerate the settlement date to April 13, 1970. Final settlement was therefore called for on that date for a total purchase price of $38,000.00. The purchaser failed to make settlement without any excusable reason, as the Chancellor found. Four days later the seller gave notice to the purchaser by letter that his deposit had been forfeited. The seller thereupon entered into a contract of sale with a third person for the price of $38,000.00.

The Chancellor found as fact that the seller and purchaser had not agreed to an extension of the April 13 settlement date, and that the purchaser had breached the contract. He denied specific performance. He further held that the seller had made no effort to minimize his damages, which he had a duty to do, but had sold immediately to the only other immediately available purchaser at a $2,000 discount, and that accordingly to permit him to retain the $4,000 deposit would amount to a forfeiture which equity rejects. It is this latter provision of his order which is now before us.

We think it is not correct to lay down the flat rule that equity in all cases rejects the enforcement of a forfeiture. It is of course true that the ancient rule is that equity rejects the enforcement of forfeitures on the principle that it will not aid a party who, himself, is not doing equity, but there are exceptions to the rule. 2 Pomeroy's Equity Jurisprudence (5th Ed.) § 460. However, these apparent exceptions to the inflexible statement of the rule in reality may not be exceptions, but may rest upon other concepts of right, justice and morality which, under the peculiar circumstances of the case at hand, make it equitable to enforce a forfeiture. 2 Pomeroy's Equity Jurisprudence (5th Ed.) § 460a.

The Chancellor directed the return of the deposit on the authority of 31 A.L.R.2d 67, but we think that collection of cases is not on point. The cases there collected, which denied forfeiture, dealt with a factual situation in which a seller resold the land following the purchaser's default without in any way having asserted a forfeiture. The case before us differs because this seller actually gave the purchaser notice of a forfeiture before he sold to the third party. We think, however, that the giving of notice of forfeiture is not a complete answer to the problem.

■ As a matter of fact, we accept the proposition that equity will not enforce a forfeiture pure and simple, absent some equitable circumstances which would make it unjust to permit a defaulting party to breach the contract and to walk away with impunity despite whatever damages the non-defaulting party may have suffered. When such is the fact, a forfeiture is not being enforced, but rather equity is being done between the parties by making the non-defaulter whole from damages suffered as a result of the breach.

What, then, are circumstances which permit a Court of Equity to award to the innocent party all or part of a deposit made as a result of a contract for the purchase and sale of land which contains within itself no description of what the initial deposit is, except that it shall be credited on the final purchase price?

In the case at bar, in a sense, both the purchaser and the seller are in default on this contract; the purchaser because he failed to complete settlement on the specified date, and the seller because he has made it impossible for him to perform by his contract of sale with a third party. The modern view seems to be that forfeitures will not be enforced as of course, but that an injured seller may be entitled to retain from the deposit money sufficient to make himself whole as a result of damages resulting from the breach. Even in the absence of an express provision for forfeitures in the contract, the deposit money often will be regarded as liquidated damages

for the protection of the seller in the event of a breach. The guiding principle to be followed, therefore, is just compensation for the injured party. 5 Williston on Contracts (3rd Ed.) § 778. Annotation, 31 A.L.R.2d 96.

 The deposit in the instant case was 10% of the agreed-upon purchase price, and as such, under some circumstances, may be considered to be an agreement as to liquidated damages in the event of breach by the purchaser. Oliver v. Lawson, 92 N.J.Super. 331, 223 A.2d 355 (1966); Alois v. Waldman, 219 Md. 369, 149 A.2d 406. A deposit of 10% of the purchase price may well be liquidated damages if, in fact, it is a fair estimate of the seller's damages resulting from the breach. Kraft v. Michael, 166 Pa.Super. 57, 70 A.2d 424 (1950). This does not mean, however, that in the event a defaulting buyer can prove that the deposit exceeds in amount the actual damages resulting from the breach, he cannot recover back the excess, but the burden of proving this is placed on him. Kitchin v. Mori, 84 Nev. 181, 437 P.2d 865; Quillen v. Kelley, 216 Md. 396, 140 A.2d 517 (1958).

At bar, the Chancellor in effect placed this burden on the seller by holding that he must attempt to minimize his damages and that he had not done so. This was error. The burden should have been placed on the defaulting purchaser to prove that in point of fact the amount of damages of the seller did not equal the amount of the deposit. That the seller in fact must have suffered some damage is clear, for the land was kept off the market for at least four months as a result of the breached contract.

The purchaser, appellee here, seeks review of the Chancellor's refusal of specific performance, but he has not filed a cross-appeal. The appeal of the seller raises a single point, i. e., the right to retain the deposit money. Therefore, appellee may not argue the specific performance

issue. Supreme Court Rules 5 and 9, Del. C.Ann.

We will therefore reverse the finding below to the effect that the seller may not retain the deposit, and will remand the cause with leave to the purchaser to try to discharge the burden of proving that the seller's damages are less than the deposit.