[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] FINDINGS OF FACT CONCLUSIONS OF LAW
Findings of Fact:
1. On or about January 8, 1998 the plaintiff and defendant entered into a written Purchase Sale Agreement for the plaintiff to purchase property from the defendant for $500,000.
2. The plaintiff made a deposit in the amount of $50,000.
3. The contract between the parties provided as follows:
 "Six. The buyer . . . may . . . enter upon the premises for the purpose of making such surveys, measurements, inspections and engineering studies and other tests and actions which the buyer may reasonable desire to determine the suitability of the premises for purchase. . . .
Seven. Termination right. If the buyer's Env. investigation reveals a material adverse change in the condition of the premises from that set forth in the report, or, if as a result of the investigations, the buyer in good faith determines that there are any material violations of any code, statute, or regulation applicable to the premises ("violations"), or there exists a material encroachment CT Page 4117 revealed by the then current survey of the premises not capable of affirmative title insurance, or if the state of the title is other than is as disclosed in the title policy attached as Schedule E ("defect"). . . . [the seller may either cure or return the deposit].
4. The plaintiff performed an investigation of the property and determined that a substantial portion of the property was wetlands and was not capable of being developed without additional permits.
5. On or about February 13, 1998, the plaintiff gave written notice to the defendant of its investigation and of the alleged deficiencies. The plaintiff requested the defendant to indicate its intention to cure or not cure the deficiencies.
6. On or about February 22, 1998, the defendant responded that it had no duty to indicate an intention to cure or not cure and that it did not regard the wetlands as a deficiency under the contract.
7. Relying upon the paragraph Six and Seven of the contract, the plaintiff demanded the return of its $50,000 deposit.
8. The defendant refused and has continued to refuse to return the deposit.
9. The defendant had previously returned a deposit to a different buyer pursuant to a different Purchase Sales Agreement because of the existence of the significant wetlands on the property.
10. The defendant knew that the property contained wetlands and did not disclose this fact to the plaintiff.
Conclusions of Law:
1. The facts discovered by the plaintiff did not entitle the plaintiff to terminate the contract for any of the reasons set forth in Paragraph Seven of the agreement between the parties.
2. Benefits to the seller that are attributable to a rising market pursuant to a breach rightfully accrued to the seller.Beckley v. Bunson, 22 Conn. 299 (1853). CT Page 4118
3. The purchaser, despite his default, is free to prove that the contract, or any part thereof, was the product of fraud or mistake or unconscionably. Hamm v. Taylor, 180 Conn. 419 (1980).
4. A liquidated damage clause allowing the seller to retain 10% of the contract price or earnest money is presumptively a reasonable allocation of risk associated with default. Wilkinsonv. Birnabum, 278 A.2d 829, 831 (DEL 1971).
5. While the defaulting plaintiff should be afforded the opportunity to prove that the forfeited deposit amount is unreasonable the burden is on the plaintiff to so prove. Vines v.Orchard Hills Inc., 181 Conn. 501 (1980).
6. Approximately one year elapsed between the plaintiff's breach of the sales agreement and the defendant's completion of a subsequent sale.
Conclusion:
The court concludes that the plaintiff had no right to terminate the contract and reclaim its deposit because of the wetlands discovered on the property. The plaintiff has failed to prove that the seller's retention of the deposit was unreasonable. In view of these findings, the defendant's retention of the deposit was reasonable. The court finds that the 10% was an appropriate liquidated damage provision and not a penalty.
Judgment is entered for the defendant on all counts.
J. Booth