**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1887-24

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE
FOR SOUNDVIEW HOME LOAN
TRUST 2006 EQ2 ASSET-
BACKED CERTIFICATES,
SERIES 2006-EQ2,

     Plaintiff-Respondent,

v.

SHUJA AHMED,

     Defendant-Appellant,

and

LIZA HOEDT, DISCOVER BANK,
CAPITAL ONE BANK (USA), N.A.
and NEW CENTURY FINANCIAL
SERVICES,

     Defendants.

_____

Submitted November 13, 2025 – Decided April 17, 2026

Before Judges Mayer and Gummer.

On appeal from the Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. F-008641-23.

Richard Obuch, attorney for appellant.

Brock & Scott, PLLC, attorneys for respondent (Naser Selmanovic, on the brief).

PER CURIAM

In this residential foreclosure action, defendant Shuja Ahmed challenges an order granting summary judgment in favor of plaintiff Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2006 EQ2 Asset-Backed Certificates, Series 2006-EQ2 and a subsequent final judgment. Because defendant's arguments are without merit, we affirm.

In 2006, defendant executed a note to Equifirst Corporation to obtain a loan of $525,350. The note required that defendant make monthly payments. To secure the note's repayment, defendant and Liza Hoedt[1] executed a mortgage that was recorded in 2006. The mortgage was assigned to plaintiff by way of an assignment and corrective assignment, which were duly executed and recorded. The mortgage was modified by agreement in 2015 and 2020. It is undisputed

---

[1] Plaintiff named Hoedt as a defendant in the complaint. She did not file a contesting answer, and ultimately default was entered against her.

A-1887-24

defendant failed to make a scheduled October 1, 2021 payment and all later monthly payments.

On April 14, 2023, a notice of intention to foreclose was sent by certified mail, return receipt requested, and regular mail to defendant at the mortgaged property and a mailing address in Summit, New Jersey. Plaintiff filed a complaint on July 18, 2023, and eventually moved for summary judgment. Defendant opposed the motion. After hearing argument, the court granted summary judgment in favor of plaintiff in an October 29, 2024 order with an accompanying statement of reasons. Plaintiff subsequently moved for entry of final judgment. Defendant did not oppose the motion, and the court entered final judgment on February 19, 2025.

Defendant appeals, arguing the court erred in granting plaintiff summary judgment and in concluding plaintiff had standing to bring this action. Defendant also contends plaintiff violated the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53 to -68, by sending the notices to an improper address, was unjustly enriched, and is estopped from pursuing foreclosure.

We review a trial court's summary-judgment ruling de novo, applying the same standard used by trial courts. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). "The court's function is not 'to weigh the evidence and determine the truth of the

3

matter but to determine whether there is a genuine issue for trial.'" Rios v. Meda Pharm., Inc., 247 N.J. 1, 13 (2021) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). "A dispute of material fact is 'genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.'" Gayles by Gayles v. Sky Zone Trampoline Park, 468 N.J. Super. 17, 22 (App. Div. 2021) (quoting Grande v. Saint Clare's Health Sys., 230 N.J. 1, 24 (2017)). We review a decision granting the entry of a final judgment of foreclosure for abuse of discretion. Customers Bank v. Reitnour Inv. Props., LP, 453 N.J. Super. 338, 348 (App. Div. 2018). Applying those standards, we affirm.

In moving for summary judgment, plaintiff provided undisputed evidence it was in possession of the note, the mortgage had been assigned to it before it filed the complaint in this lawsuit, and the mortgage assignments had been duly executed and recorded. Thus, plaintiff established it had standing. See Deutsche Bank Tr. Co. Americas v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) (holding "either possession of the note or an assignment of the mortgage that predated the original complaint conferred standing"); see also Deutsche Bank Tr. Co. Americas as Tr. for Residential Accredit Loans, Inc. v. Weiner, 456 N.J.

Super. 546, 548 n.4 (App. Div. 2018) (rejecting defendants' lack-of-standing argument when plaintiff demonstrated possession of the note and existence of duly executed and recorded mortgage assignments).

The FFA requires a residential mortgage lender to send a notice of intent to foreclose to the defaulting borrower before filing a complaint. See N.J.S.A. 2A:50-56(a); EMC Mortg. Corp. v. Chaudhri, 400 N.J. Super. 126, 137 (App. Div. 2008). The notice of intent must be "sent to the debtor by registered or certified mail, return receipt requested, at the debtor's last known address, and, if different, to the address of the property which is the subject of the residential mortgage." N.J.S.A. 2A:50-56(b).

In a certification submitted in support of its summary-judgment motion, plaintiff established a notice of intent was mailed timely by certified mail, return receipt requested, and by regular mail to defendant, using the address of the mortgaged property and another address, 1 Lincoln Avenue in Summit. Defendant does not dispute the notice of intent was mailed or contend he did not receive it. He challenges the alternative address used because it referenced an avenue and not a drive.

In a letter brief in opposition to the summary-judgment motion, defense counsel asserted the notice of intent was improperly sent to 1 Lincoln Avenue

A-1887-24

because defendant's address was 1 Lincoln Drive. That contention was not supported by an affidavit or certification based on personal knowledge. See R. 1:6-6 (permitting courts to consider facts asserted in "affidavits made on personal knowledge"). Instead, defense counsel claimed the Lincoln Drive address was "an address on file with the defendants and which is on the mortgage statement (See Exhibit B)." The copy of the letter brief in defendant's appellate appendix does not include any attached exhibits or mortgage statements. Exhibit B attached to the certification in support of plaintiff's summary-judgment motion does not reference the Lincoln Drive address. Even assuming the Lincoln Drive address was "on file" with plaintiff, we do not view the distinction between "Drive" and "Avenue" to rise to the level of a violation of the FFA or merit reversal of a summary-judgment order, especially in the absence of any assertion defendant did not receive the notice of intent.

Defendant argues plaintiff was "guilty of unjust enrichment" and, consequently "estopped" from pursuing foreclosure. "Unjust enrichment is not an independent theory of liability, but is the basis for a claim of quasi-contractual liability." Goldsmith v. Camden Cty. Surrogate's Off., 408 N.J. Super. 376, 382 (App. Div. 2009) (quoting Nat'l Amusements, Inc. v. N.J. Tpk. Auth., 261 N.J. Super. 468, 478 (Law Div. 1992), aff'd, 275 N.J. Super. 134,

(App. Div.1994)). "To demonstrate unjust enrichment, 'a [party] must show both that [the other party] received a benefit and that retention of that benefit without payment would be unjust' and that the [party asserting unjust enrichment] 'expected remuneration' and the failure to give remuneration unjustly enriched the [other party]." EnviroFinance Grp., LLC v. Env't. Barrier Co., LLC, 440 N.J. Super. 325, 350 (App. Div. 2015) (quoting VRG Corp. v. GKN Realty Corp., 135 N.J. 539, 554 (1994)). One who alleges unjust enrichment "has the burden of proving it." Kutzin v. Pirnie, 124 N.J. 500, 516 (1991) (quoting Oliver v. Lawson, 92 N.J. Super. 331, 336 (App. Div. 1966)).

Defendant did not meet that burden. To support his unjust-enrichment claim, defendant relies on two 1099-C forms issued to him, one for tax year 2015 and one for tax year 2020. The 2015 form states it was issued because "an applicable financial entity . . . has discharged . . . a debt you owed, or because an identifiable event has occurred that either is or is deemed to be a discharge of a debt of $600 or more." The "[a]mount of debt discharged" was $3,622.31 in the 2015 form and $34,531.79 in the 2020 form. The information in the 1099-C forms is consistent with the information set forth in the 2015 and 2020 loan-modification agreements. For example, the 2020 loan-modification agreement provided that the "New Principal Balance of the Note will be $491,481.79" and

A-1887-24

that "$34,531.79 of the New Principal Balance [would] be forgiven . . . ."

The 2015 and 2020 agreements modified but did not eliminate defendant's debt or his obligation to pay that debt. The basis of this foreclosure action was defendant's failure to make scheduled payments beginning in 2021 on the remaining debt pursuant to the 2020 loan-modification agreement. On that record, defendant has not demonstrated unjust enrichment or even a genuine issue of fact regarding his unjust-enrichment claim.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

8